Ernst Scherff v. Missouri Pacific Railway Company.

No. 6961.

1. **Final Judgment on Demurrer.**—When a general demurrer to a petition is sustained, and the plaintiff declines to amend, and a final judgment is rendered against him, he is precluded by the judgment from a recovery upon the same cause of action in another suit.

2. **Interlocutory Judgment—Leave to Amend—Estoppel.**—When a general demurrer to a petition is sustained and plaintiff takes leave to amend he virtually asserts that he has not set up his whole case in his petition, and although the judgment is that his petition does not show a cause of action, yet the leave to amend takes from the judgment that quality of finality which is necessary to make it an estoppel, and thus "sets the matter at large," and if thereafter plaintiff takes a nonsuit nothing is concluded between the parties.

3. **Nonsuit—Final Judgment.**—A judgment to have the authority or even the name of res adjudicata must be a definitive judgment of condemnation or dismissal by the court upon the merits of the case. A voluntary nonsuit avoids the effect of any interlocutory orders made in the case.

4. **Practice in Supreme Court.**—Errors by the District Court made in the trial of the cause, on appeal will not be revised unless brought before the court by assignment of errors.

APPEAL from Comal. Tried below before Hon. T. M. Paschal. The opinion states the case.

*L. H. Blevins, W. R. Neal,* and *Burges & Dibrell,* for appellant.— When a general exception has been sustained to a petition by the court, and leave asked and granted by the court to the party whose pleading has been held insufficient, to amend the same, and the cause is continued, the order sustaining the general exceptions and granting leave to amend is not a final judgment, but an interlocutory judgment.

*J. D. Gwinn,* for appellee.—The judgment rendered by the District Court of Travis County upon the pleadings of plaintiff in so far as it affected the defendant railway company was a trial upon the merits of the case, and the judgment rendered there is decisive of the plaintiff's case herein. Railway v. Co-operative Assn., 2 Ct. App. C. C., sec. 502; Nichols v. Dibrell, 61 Texas, 539; Parker v. Spencer, 61 Texas, 155; Dixon v. Zadek, 59 Texas, 531; Hale v. McComas, 59 Texas, 484; Graham v. Vining, 1 Texas, 669; 1 Ct. App. C. C., sec. 807.

As to the identity of the plea: Tadlock v. Eckles, 20 Texas, 782; Lee v. Kingsbury, 13 Texas, 68; 1 Ct. App. C. C., sec. 1222.

It is no matter that there were other parties to the suit: Russell v. Farquhar, 55 Texas, 355.

GAINES, ASSOCIATE JUSTICE.—The appellant brought this action to recover of the appellee damages for the failure to deliver in accord-

ance with its contract 200 bales of cotton. It was alleged in the petition in effect that the defendant company undertook to transport the cotton from New Braunfels to Austin, and to deliver it to plaintiff's own order; and that the defendant without his consent delivered the cotton to one Barbeck, whereby the plaintiff was damaged $503. It was admitted that Barbeck had paid the plaintiff the full value of the cotton except the sum just named.

To the petition the defendant pleaded an estoppel by a former judgment. It was alleged in the answer which set up this defense that in a certain suit in the District Court of Travis County, brought by the plaintiff in the present suit against this defendant and others upon the same cause of action which is sued upon in this case, a demurrer interposed by this defendant to the plaintiff's petition was sustained by the court and the suit dismissed. A transcript of the proceedings in the former suit was made a part of the answer, from which it appears that the International & Great Northern Railway Company and H. Barbeck, as well as the present defendants, were parties defendant in that action. It also appeared that at the June term, 1886, of the District Court of Travis County, the court sustained the general demurrer of the railway companies to the petition and gave the plaintiff leave to amend; and that at the same time it overruled the demurrers of the defendant Barbeck and continued the cause until the next term of the court. At the next term the plaintiff without amending appeared and was permitted to dismiss his suit.

The court in the case now before us instructed the jury that the record of the suit in the District Court of Travis County sustained the plea of res adjudicata, and directed a verdict for the defendant. We think that ruling was erroneous.

It may be considered settled law in this State that when a general demurrer to a petition is sustained and the plaintiff declines to amend and a final judgment is rendered against him, he is precluded by the judgment from a recovery upon the same cause of action. Bomar v. Parker, 68 Texas, 435; Parker v. Spencer, 61 Texas, 155; Dixon v. Zadek, 59 Texas, 529; Girardin v. Dean, 49 Texas, 243.

But the question for our consideration is whether or not an interlocutory judgment sustaining a demurrer to a petition and granting leave to amend, and the subsequent dismissal of the case by the plaintiff, are to be treated as such a definite determination of the controversy upon the merits as will estop the plaintiff from asserting the same cause of action in a new suit.

We are of the opinion that the question should be answered in the negative. When a general demurrer to a petition is sustained and the plaintiff declines to amend, he practically confesses that he has alleged in his pleading every fact he is prepared to prove in support of his ac-

tion.　Therefore ·in such a case nothing remains to be done except to render a judgment for the defendant.　Since the defendant by his demurrer has admitted the facts of the plaintiff's case, we see no reason why the judgment should not be regarded as a conclusive determination of the litigation upon its merits.　So also if the plaintiff takes leave to amend but fails to do so, and judgment is rendered against him for that reason, it is as if he had declined to amend in the first instance.　But when he takes leave to amend he virtually asserts that he has not set up his whole case in his petition; and although the judgment is that his petition does not show a cause of action, yet the leave to amend takes from the judgment that quality of finality which is necessary to make it an estoppel, and thus "sets the matter at large." However, as before said, if the plaintiff after taking leave fails to amend, and the court because of that failure dismisses his suit, it ought to be treated as if he had declined to amend at the time the demurrer was sustained, and as if the final judgment had then been rendered.　But if while the case is left open by the leave granted, the plaintiff with the permission of the court voluntarily dismisses his suit, in our opinion the judgment sustaining the demurrer ought not to be held conclusive upon him.　"A judgment to have the authority or even the name of res judicata must be a definitive judgment of condemnation or dismissal."　Freeman on Judg., sec. 51, quoting 2 Pothier on Obligations.　By dismissal as here used we understand not a mere nonsuit or discontinuance by the plaintiff, but a dismissal by the court upon the merits of the action.　The Supreme Court of New York says:　"By discontinuance of an action the further proceedings in that action are arrested not only, but what has been done therein is also annulled, so that the action is as if it never had been.　If a suit be discontinued at any stage, or the judgment therein be set aside, vacated, or reversed, then the adjudication therein concludes no one, and it is not an estoppel or bar in any sense." Loeb v. Willis, 100 N. Y., 231.　In the case cited, the judgment which was pleaded as an estoppel was rendered after a trial upon the merits and the plaintiff had been allowed by the court to discontinue his action after the judgment was rendered.　The decision was not that it was proper for the court to permit the discontinuance, but that it had the power to do so, and that the discontinuance vacated the judgment previously rendered in the case.

The appellee insists that the court should have sustained its demurrers to the petition, and that therefore the judgment should be affirmed. In order to have the rulings of the court made against it revised, the appellant should have filed assignments of error.　But if this had been done and we should have concluded that the petition was insufficient, we could not affirm the judgment.　This would be to deprive the plaintiff of the right to amend.　We could, however, have decided the question for the guidance of the court below upon another trial.

For the error in the proceedings which has been pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered June 23, 1891.