## MRS. F. R. KOPF v. JOSEPH HUCKINS.

### No. 848.

**1.  Res Judicata—Void Foreign Judgment.**

Under a judgment rendered by a Justice Court in Arkansas, certain attached property was sold, and bought by the plaintiff therein. Afterward such judgment was declared void for want of jurisdiction by an Appellate Court of that State. Held, in an action brought in this State for the property, that such justice's judgment was not res judicata.

**2.  Same—Judgment of Dismissal.**

Where plaintiff dismisses his suit, the judgment thereon is not res judicata.

APPEAL from Bowie. Tried below before Hon. JOHN L. SHEPPARD.

*F. M. Henry*, for appellant.

*Charles S. Todd* and *L. A. Byrne*, for appellee.

FINLEY, ASSOCIATE JUSTICE.—Appellant brought suit for a horse, alleged to be of the value of $400, and for the value of its use and hire, charged to be $600. She alleged that the defendant forcibly took the horse from her possession April 6, 1888, and had held wrongful possession thereof since that date. Appellee, the defendant in the court below, answered by general demurrer, general denial, and specially plead res judicata. The proceedings which were set out as the basis of this plea consisted of a judgment rendered by a justice of the peace in the State of Arkansas, and the institution of suit in the County Court of Bowie County, Texas, covering the subject matter of this suit; the recovery of a judgment therein by her, which was appealed to the Court of Appeals, and there reversed; and then the voluntary dismissal of that suit by her, before the institution of this suit. In answer to this plea, appellant charged, that the Arkansas judgment was void for want of jurisdiction, and had been so declared by a higher court of that State in a proceeding instituted for that purpose. Upon the issues thus made the parties went to trial before the court, without a jury, which resulted in a judgment in favor of defendant. From this judgment an appeal has been perfected.

The court below did not file conclusions of fact and law; a statement of facts, however, is contained in the transcript. This is a very unsatisfactory manner of presenting a case tried by the court; the judge should have been requested to file the conclusions of fact and law upon which he based the judgment rendered in the case, and assignments of error should have been directed at such conclusions. The record for appeal is not only improperly prepared, but the briefs are indifferently made, and throw little, if any, light on the questions which are properly involved in the case, and we are forced to an independent investigation of the record and authorities to intelligently dispose of the case. If we were not just upon the eve of the close of our term, the submission would be set aside and counsel ordered to properly brief the case, as they should have done in the first instance.

Our investigation of the record leads us to the conclusion, that the court below based its judgment upon the defense of res. judicata. In the statement of facts it is recited that it was proven that on April 6, 1888, the plaintiff owned the horse here in suit in her own separate right; that the horse was worth $250; that plaintiff lost possession of said horse by its being attached in Arkansas; that the defendant, Huckins, had held possession of said horse since April 6, 1888, and had refused to return him to plaintiff, and that his use and hire was worth $300, etc. It was shown that the proceeding in which the horse was attached was a suit for debt against her former husband, R. Leitner, instituted in 1887, while he was a citizen and resident of Texas. This plaintiff filed a claim to the horse as her separate property, interpleaded in the suit, and her husband also appeared and submitted himself to the jurisdiction. The cause was continued for several terms by consent, until R. Leitner, defendant, died; after his death the court in which the suit was pending, without notice, appointed an administrator ad litem and proceeded to render judgment against such administrator, and this plaintiff nil dicit, ordering the horse sold, etc. Under this judgment the horse was sold and appellee became the purchaser at the sale, and he now claims title through this source. It was further shown that R. Leitner died testate, that his will was probated in Bowie County, Texas, and that this appellant, in the capacity of executrix of his will, instituted a proceeding in the Circuit Court of the State of Arkansas to have the judgment rendered in the justice court declared null and void; the plaintiff in the justice judgment, the justice of the peace who rendered the same, and the constable who executed the order of sale issued under the judgment, were made defendants in that suit. That suit was filed after the sale of the horse under the judgment. The Circuit Court rendered a decree declaring the justice judgment wholly void for the want of jurisdiction, and it was vacated and set aside, as to the estate of R. Leitner, deceased. It was also alleged and shown that upon the death of R. Leitner, in 1887, he left surviving him, his wife, appellant, and minor children, and that the horse sued for was the only horse possessed by the family at the time of his death. This general statement of the case is made that the view we take of it may be clearly comprehended.

As heretofore recited, the matters involved in this case have been passed upon by the Court of Appeals, as it was originally constituted. That court reversed the judgment of the County Court, and held that appellant's claim to the horse was res judicata. The court took the view that the decree of the Circuit Court of Arkansas only vacated the judgment of the justice court in so far as it affected the estate of R. Leitner, deceased, and left it undisturbed as to this appellant. And further, that such decree being subsequent to the sale of the horse under the judgment and the purchase thereof by appellee herein, it could not affect appellee's rights. 4 Willson C. C., sec. 19.

We find ourselves unable to reach the conclusion expressed in the opinion of the Court of Appeals. "So far as concerns judgments ren-

dered on the merits in the several States of the American Union, when offered in a sister State as a basis of a suit, it is now agreed by the State courts, under the lead of the Supreme Court of the United States, that nil debet is a bad plea to such a judgment; that the proper plea to it is nul tiel record; and that it is conclusive on the merits. It is nevertheless open to a party to deny the jurisdiction of the court rendering the judgment," etc. 1 Whart. Ev., sec. 808; Mills v. Duryee, 7 Cranch., 481. If the judgment of the justice of the peace of the State of Arkansas stood alone as the adjudication of the matter in that State, it would have been the duty of the trial court of this State to enquire into the question of jurisdiction raised by the pleadings, and if it were determined that the jurisdiction existed, then the judgment should be given conclusive effect as an adjudication of the controversy upon the merits. This is not the case by any means. A higher court in the State wherein the justice judgment was rendered has decreed that such judgment was wholly void for want of jurisdiction, and ordered it vacated and set aside as to the estate of R. Leitner, the party seeking that relief. What was the judgment declared void? It was a personal judgment for debt, and it ordered property seized under attachment, sold to satisfy the judgment debt. The attachment and seizure of the property were merely ancillary to the suit for the debt, and the validity of the sale under the judgment is dependent upon the existence of a valid judgment. There was no separate suit in which appellant's title to the property was determined; the judgment declared by the Circuit Court of Arkansas to be void was the only judgment rendered in the case. If that judgment was void, as determined, how could there have been a legal adjudication of appellant's rights in that cause? Can we treat as a legal and binding adjudication in a court of a sister State a judgment which is declared to be wholly void by a higher court in that State? We think not.

Can the appellee be protected by his purchase under the judgment? Does the fact that he purchased under the judgment before it was decreed to be void, protect him? The rights of appellee were not affected by the proceeding in the Circuit Court after the purchase, and to which he was not a party. If he acquired any rights by his purchase, they have not been divested by subsequent adjudication. If the judgment under which he purchased was merely irregular and erroneous, he would hold a good title to the horse. If, however, the judgment was void, he derived no rights under it. "A void judgment is in legal effect no judgment. By it no rights are divested. From it no rights can be obtained. Being worthless itself, all proceedings upon it are equally worthless. It neither binds nor bars any one." Freeman on Judgments, sec. 117.

We are of the opinion that the Arkansas judgment cannot be considered res judicata of this controversy.

The proceedings in our State courts, the County Court, and the Court of Appeals, cannot be treated as a final adjudication, for the reason that plaintiff voluntarily dismissed the suit. Scherff v. Railway, 81 Texas, 472.

We regard the judgment of the court below as erroneous, and it must be reversed.

As the case presents the appearance of having passed off in the court below solely upon the plea of res judicata, we remand the cause for a new trial.

*Reversed and remanded.*

Delivered June 19, 1895.