458

*Mann & Byfield,* by *George D. Byfield, Laredo,* for appellant.

*William C. Wright,* Laredo, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is unlawfully engaging in a riot in violation of Article 457, P.C.; the punishment, twenty-four hours in jail and a fine of $400.00.

By motion in arrest of judgment, appellant challenged the sufficiency of the information in that the same was not signed by the district or county attorney as required by Section 9 of Article 414, C. C. P. The information was signed "William C. Wright, Special Prosecuting Attorney for Zapata County, Texas." Our statutes do not create any such office. This information does not allege, nor does the proof show, by virtue of what authority the said Wright was purporting to act for the State of Texas in this prosecution.

In the relatively recent case of Hill v. State, 151 Tex. Cr. Rep. 299, 207 S. W. 2d 413, we had before us an information which purported to be the act of Ben Davis Geelsin, Attorney of the County of McCulloch. We reversed the conviction, saying

that the information did not purport to be the act of either officer mentioned in Article 414, supra.

The appellee says that we should take judicial knowledge of the fact that Zapata County has no county attorney and that so doing would make Article 29, V. A. C. C. P., applicable, which authorizes prosecution by complaint only in counties having no county attorney. Were this a question of first impression, we might consider the same. However, in Day v. State, 127 Tex. Cr. Rep. 19, 74 S. W. 2d 699, we held that this court had no "means of knowing what counties, if any there be in Texas, have no county attorney." The bill of exception raising this matter contained no qualification by the court certifying that, in fact, Zapata County was without a county attorney. This was the opportunity afforded the court to advise us that the prosecution was under the exception named in Article 29, supra.

The judgment is reversed and the cause remanded.