Olivia McCLENDON, Appellant,

v.

J. C. McCLENDON, Appellee.

No. 15704.

Court of Civil Appeals of Texas.

Fort Worth.

March 30, 1956.

Rehearing Denied April 27, 1956.

J. C. Mount, Fort Worth, for appellant.

Herrick & Ivy and John W. Herrick, Fort Worth, for appellee.

MASSEY, Chief Justice.

Appellant sued the appellee in this case for a divorce, division of property and for the custody of four minor children born to the parties. Trial was to the court without a jury. Appellee's pleadings, as of the time the evidence was introduced upon the trial and as of the time the parties rested their cases, embodied a general denial only. The trial judge took the case under advisement, but the following day summoned the attorneys for the parties to Chambers where he announced to them what the judgment of the court would be.

From a bill of exceptions presented by the appellant to the court, and allowed by the trial judge without qualification, it appears that after both parties had rested their cases it was announced by the court that the problem of custody of the minor children would be discussed with the County Probation Officer prior to rendition of judgment; that the following day the attorneys for both parties appeared in court and then retired with the judge into Chambers, where the latter stated that he was of the opinion, in view of his belief of all the testimony related to the manner in which appellant had conducted herself with impropriety, that she was an unfit parent and it would be to the best interest of the minor children of the parties that their temporary custody be awarded to the County Probation Officer; that thereafter, but on the same day, the attorney for the appellant filed a motion for leave to take a nonsuit, which was promptly overruled in view of the position of the trial judge that the judgment of the court had been orally announced despite the fact that nothing had been entered on the docket sheet or otherwise recorded in writing to that effect or with respect to any decision or judgment of the court.

Six days later judgment was signed and entered of record, reciting that the case came on to be heard on the 10th day of October, 1955, and that after all questions of law and of fact were presented the court did, on the 12th day of October, 1955, announce judgment decreeing a divorce, etc. The language of the instrument of judgment effectively operated, under the circumstances of the case, to decree a granting of a divorce in behalf of the appellant of and from the appellee and immaterial matters relative to division of property. The judgment further provided that temporary custody of the four minor children be in the Chief Probation Officer of the county, in view of the court's opinion that such would be to the best interest of such children, the court being of the further opinion that appellant was not at the time a fit and proper person to have custody of the children and that appellee did not have a home where they could be given proper care.

Appellant served notice of appeal, filed request for findings of fact and conclusions of law, and subsequently filed a notice of failure of the court to file such findings. Neither the request nor the notice is endorsed as having been presented to the court, but both bear the file marks of the clerk demonstrating that they were timely filed in the clerk's office. There is no contention that the request or notice was not presented to the judge. The trial judge

never did file any findings of fact or conclusions of law during the period antecedent to the time jurisdiction wholly passed, through perfection of the appeal, into the Court of Civil Appeals.

Appellant's first point of error contends that the trial court erred in overruling her motion for nonsuit, and we find that we must sustain the contention in so far as her petition for divorce was concerned. If the court's decision relative to divorce was announced prior to the time appellant moved for a nonsuit it was indisputably announced in Chambers. It could not be construed to have been a final declaration of the judgment to be entered, but only as an announcement of the judgment the court intended to later direct to be entered. In such an instance, a complainant's right to a nonsuit cannot be denied. A divorce case in which there was an analogous situation was Humphrey v. Humphrey, Tex.Civ.App., Texarkana, 1924, 263 S.W. 957. In rendering its decision, the court stated that in a divorce case the complainant is especially privileged to take a nonsuit. Our T.R.C.P. 164, "Non-Suit", is the same as the statute in effect relative to the subject as of the date of that decision. The liberality relative to allowance of nonsuits in Texas has been criticized and compared with that of other jurisdictions, but the interpretation put upon the Rule, and former statutes relative to the question, is undeniably certain. See 24 T.L.R. 225 and 26 T.L.R. 91, and cases discussed. See Smith v. Columbian Carbon Co., 1947, 145 Tex. 478, 198 S.W.2d 727.

Our action in sustaining the first point of error means, of course, that in so far as the marital status of the parties is concerned their position of husband and wife is restored and there is no suit for divorce pending. But this action in no wise restores the custody of the children to the parties to the suit as filed, or to either of them. Jurisdiction of the trial court over the children is not under attack in this appeal, nor is it subject to attack. While the suit between the parties upon the matter of custody was ancillary to the divorce action, nevertheless the trial court's jurisdiction to exercise supervisory control over them was invoked in as effective a manner as would have been the case in an ordinary habeas corpus proceeding or direct custody suit. See 15–B Tex.Jur., p. 46, "Divorce and Separation", sec. 236, "Jurisdiction of Court" (custody and support matters); 31 Tex.Jur., p. 1296, "Parent and Child", sec. 19, "Jurisdiction and Venue" (in proceedings to determine custody); and 23 Tex.Jur., p. 710, "Infants", sec. 16, "In General", and sec. 17, "Jurisdiction of Courts" (regarding custody and protection). See also the supplemented texts and cases in Tex.Jur. Ten-Year Supplements.

In view of Texas Constitution, Article 5, § 8, Vernon's Ann.St., the jurisdiction of a district court in a child custody matter, invoked through a suit for divorce, continues regardless of whether it be proper to apply the provisions of V.A.T.S., Articles 4639 and 4639a. A trial court may deny a divorce to the parties to a divorce suit, and at the same time award custody of their minor children to a third person where the issue of the children's best interests is tried in the evidence by express or implied consent. See Lolley v. Lolley, Tex.Civ. App., San Antonio, 1944, 181 S.W.2d 941, writ dismissed, and authorities there cited; 15–B Tex.Jur., p. 49, "Divorce and Separation", sec. 236, "Jurisdiction of Court".

The action on the part of the appellant in taking a nonsuit did not, necessarily, operate to divest the trial court of any essential jurisdiction with which it was theretofore clothed, in connection with the entry of an effective order of custody. Berner v. Berner, Tex.Civ.App., Galveston, 1941, 146 S.W.2d 1017, writ dismissed, correct judgment. In this instance the trial court did enter an order relative to custody. The decree granted temporary custody of the children to the County Probation Officer.

In bringing the suit for custody of the children as a suit ancillary to her suit for divorce, appellant was required to plead and prove that it was for the best interests of the children that their custody be given

to her. The best interest of the children was in issue by the pleadings, and in this case by the evidence as well. It therefore appears that the suit was avowedly brought for the benefit of the children, as well as of the appellant. That being true, equity would not enforce the dismissal or nonsuit of appellant's individual claim for relief against the children, at least in a case where the children's right to protective relief was established in the evidence. Nix v. Dukes, 1882, 58 Tex. 96. We are of the opinion that the children in this instance would properly be considered as enjoying the privileges of an adverse party within the contemplation of T.R.C.P. 164, once the issue of their best interest had been tried by express or implied agreement of the parties, and that for instant purposes they must be considered as adverse parties having a rightful claim for affirmative relief, to-wit, for a decree relative to their custody which would serve their best interests,—at least to the extent of lodging discretion in the trial judge as to whether he will or will not permit the nonsuit to extend to the custody suit as well as to the suit for divorce.

The children were indisputably wards of the court when the case was tried. The trial court's obligation attendant to their status was not relieved through the action of appellant in taking a nonsuit. Neither was the appellant entitled as a matter of right, absent consent of the court, to deprive the court of jurisdiction to determine what was for the best interest of the children and in whose custody they should be placed, once all the testimony was in upon that issue. Knollhoff v. Norris, 1953, 152 Tex. 231, 256 S.W.2d 79.

There is a peculiar situation relative to the consideration of the appellant's second point which we are disposed to ignore without exploration of the legal aspects thereby posed, in view of our opinion that such second point must be overruled in any event. The situation has come about in view of the fact that only appellant has perfected an appeal,—and that by making a cash deposit with the clerk in lieu of the ordinary cost bond,—under the provisions of T.R.C.P.

354 and 356. The County Probation Officer does not seem to have had his attention called to the briefs which were filed, nor does the record reflect that he is taking any interest therein.

Appellant's second point of error, which is overruled, contends that reversible error appears as the result of the trial court's having failed to prepare findings of fact and conclusions of law.

Despite the fact that appellant's procedure under provisions of T.R.C.P. 296 and 297 to secure findings of fact and conclusions of law found no response on the part of the trial judge, it is clear that it would not be reversible error if it is apparent from the record that the appellant suffered no injury as the result. Wagner v. Riske, 1944, 142 Tex. 337, 178 S.W.2d 117. In order to be reversible error, the trial judge's failure in such respect must have constituted such a denial of the rights of the appellant as probably prevented her from making a proper presentation of her case to the appellate court. T.R.C.P. 434. See discussion and cases at 25 T.L.R. 179.

Under a recent authority we would be required to hold that if the record has not reflected the fact findings made by the trial judge upon which he predicated that part of the judgment decreeing temporary custody in the County Probation Officer, the conflicting evidence apparent upon the question presented (as observable in the full and complete statement of facts presented to us) would require us to presume that appellant has been injured in that she was prevented from making a proper presentation of her case to this court. Richie v. State, Tex.Civ. App., Galveston, 1955, 275 S.W.2d 723. But our attention is drawn to the case of Barfield v. Emery, 1915, 107 Tex. 306, 177 S.W. 952, reversing Tex.Civ.App., 156 S.W. 311, in concurrence with the dissenting opinion of Chief Justice Conner, then on this court. Particular attention is given to the dissenting opinion. There is a similar question in the instant case about what the error might have been, of which the appellant could have complained, but for the trial judge's failure to file findings and conclusions.

Appellee (appellant's husband, defendant below) presents in his brief the novel proposition that under the provisions of T.R.C.P. 434 this court should not reverse the judgment of the trial court in the event we should be of the opinion that the failure on the part of the trial judge to timely file findings of fact and conclusions of law has probably prevented appellant from making a proper presentation of her case to this court,—but that the trial judge should be directed to correct the error by making, filing and forwarding such findings and conclusions, the appellant given opportunity to make proper presentation, and the case disposed of whereby if judgment should be affirmed there would be no necessity for a retrial. Note the suggestions in this respect in McDonald, Texas Civil Practice, p. 1295, sec. 16.08, and the consideration thereof given in the case of Richie v. State, supra.

█ It is our view, however, that even if such procedure should be considered proper, it would be unnecessary in view of the state of the record. Though it perhaps could not with certainty be said that the statement of facts demonstrates that appellant was not injured as the result of the trial court's failure to act, the statement of facts, coupled with the appellant's bill of exceptions and the judgment which was entered in the case, shows with certainty the part of the testimony in the statement of facts which was believed by the court and was found by it to have constituted fact upon which he reached the legal conclusion that appellant was disqualified to be the legal custodian of her children. The County Probation Officer is of course presumed to be a fit and proper person to have custody of minor children. Therefore, there is a certainty that should we now call for and receive the trial judge's findings of fact and conclusions of law in a formalized character of exhibit such would supply us with no more information than is presently in our possession. The same information was in the possession of the appellant when her brief was prepared. Therefore, she was availed of notice of what the trial court's findings of fact and conclusions of law consisted relative to the question of custody. She could have made a proper presentation of her case on appeal.

The judgment decreeing a divorcement of the parties is reversed and judgment of dismissal is rendered in so far as the case appertains to a suit for divorce. In so far as the case appertains to a suit for custody of the minor children of appellant and appellee, the judgment awarding custody to the County Probation Officer is affirmed.