Ex parte V. M. BROWN and
Mrs. Afton Brown.

No. A–10027.

Supreme Court of Texas.

July 22, 1964.

Eli Willis, Lovell & Lyle, Dumas, for relators.

McCown & Cobb, Dumas, for respondent.

WALKER, Justice

This original habeas corpus proceeding involves conflicting child custody orders issued by two district courts with coordinate potential jurisdiction over the subject matter. On April 4, 1961, Glenn Doris Bray instituted divorce proceedings against her

husband, William B. Bray, Jr., in Cause No. 3672 in the 69th Judicial District Court of Moore County, hereinafter referred to as the Moore Court. She there sought custody of William Michael Bray, a boy then about one and one-half years of age, who was the only child born to the marriage. The court originally awarded temporary custody of the child to his mother, but on June 30, 1961, an order was entered placing the child in the temporary care and custody of V. M. Brown and wife, Mrs. Afton Brown, who are relators here. Mrs. Afton Brown is the mother and V. M. Brown is the stepfather of Glenn Doris Bray. The plaintiff in that action, Glenn Doris Bray, later moved for a non-suit. On July 25, 1961, the Moore Court granted such motion "as to her prayer for divorce only," and in the same order decreed that relators should continue to have temporary care, custody and control of the child.

On February 11, 1963, William B. Bray, Jr., the defendant in the Moore County action, instituted suit for divorce and custody of the child against Glenn Doris Bray in Cause No. 1249 in the 84th Judicial District Court of Hansford County, hereinafter referred to as the Hansford Court. Glenn Doris Bray filed an answer and cross-action for divorce in which she alleged that the child was in the legal custody of relators. Relators intervened and took the position that the custody issue had been finally determined by the decree of the Moore Court. Subject to their plea of res adjudicata, they prayed in the alternative that custody of the child be awarded to them. On September 17, 1963, the Hansford Court entered judgment granting William B. Bray, Jr., a divorce and custody of the child. Notice of appeal was given by relators, but the appeal was not perfected.

Relators refused to surrender possession of the child to the father, and the latter thereupon instituted contempt proceedings in the Hansford Court. A few days later the Moore Court on its own motion issued in Cause No. 3672 a temporary restraining order directing relators not to surrender physical custody of the child to anyone, and cited relators to appear and show cause, if any they had, why a temporary injunction should not be issued. On February 17, 1964, after a hearing attended by relators and their counsel, the Moore Court issued a temporary injunction "pending final hearing in determination of this cause" restraining relators from allowing the child to be taken from their custody.

On February 28, 1964, relators were adjudged guilty of contempt by the Hansford Court, and their punishment was assessed at one hour in jail. It also ordered that relators be held in jail until they purge themselves by surrendering the child as directed by the divorce decree. After relators were confined pursuant to the contempt judgment, we granted a writ of habeas corpus and ordered them released on bond pending a hearing and determination of the legality of the restraint.

Relators say that the judgment entered by the Hansford Court on September 17, 1963, is void in so far as it purports to deal with the custody of William Michael Bray, because there was then pending in the Moore Court a prior action involving the same subject matter. They rely on Ex parte Lillard, 159 Tex. 18, 314 S.W.2d 800; Ex parte Godeke, 163 Tex. 387, 355 S.W.2d 701; and Fowler v. Fowler, Tex.Civ.App., 292 S.W.2d 800 (no writ). These cases hold that a custody decree, rendered at a time where there is pending in another court of competent jurisdiction a previous action involving the same subject matter, is void. They are not applicable here, however, because no action involving the permanent custody of William Michael Bray was pending in the Moore Court when the divorce suit was filed in Hansford County.

■ In the ensuing discussion of the temporary custody order of July 25, 1961, we are concerned only with the jurisdiction of the Moore Court to enter the same. No question as to whether such order was warranted by the evidence heard by that court is before us. We agree with relators that the

non-suit in the original divorce action did not deprive the Moore Court of power to make temporary orders for the protection of the interests of the child. Article V, Section 8, of the Texas Constitution Vernon's Ann.St. confers upon the District Court original jurisdiction and general control over minors under such regulations as may be prescribed by law. "While it has been held that a court may not take jurisdiction to adjudicate the custody of a minor on its own motion, Hardy v. McCulloch, Tex.Civ. App., 286 S.W. 629, writ refused, it has also been held that a child becomes a ward of the court when it is brought before the court for any purpose. In re Badger, 286 Mo. 139, 226 S.W. 936, 14 A.L.R. 286; 27 Am.Jur., Infants, § 105, p. 827; 43 C.J.S., Infants, § 7, p. 56. One cannot invoke the jurisdiction of the court to deal with the personal status or the person of a child and at the same time deny the power of the court, in that proceeding, to do with the child's person or his status whatever appears to the court to be for the best interest of the child." Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79.

There are a number of decisions in which our Courts of Civil Appeals have recognized that orders concerning the custody of children may be made at the conclusion of a divorce proceeding even when the divorce is denied. Boggs v. Boggs, Tex. Civ.App., 306 S.W.2d 237 (no writ); Danache v. Danache, Tex.Civ.App., 296 S.W.2d 821 (no writ); Lolley v. Lolley, Tex.Civ. App., 181 S.W.2d 941 (writ dis.); Defee v. Defee, Tex.Civ.App., 51 S.W. 274 (no writ). It has also been held that the court may enter an effective *temporary* custody order upon the taking of a non-suit in the divorce action. McClendon v. Mc-Clendon, Tex.Civ.App., 289 S.W.2d 640 (no writ). This holding of the McClendon case is sound, but we do not approve the statements in the opinion of the Court of Civil Appeals indicating that the trial court might properly have made a custody determination that would have been final and permanent in the absence of some material change in

circumstances. A district court must be in position to protect the interests of any minor that is brought before it, but this can be done by the entry of temporary orders in the unusual situation where the case in which its jurisdiction was invoked is dismissed. It is not necessary for the court to make a final adjudication of custody when no one is seeking that relief.

The order entered by the Moore Court on July 25, 1961, awarded temporary custody to relators, and that was the extent of the court's power after the mother had taken a non-suit in the divorce action. In the ordinary case a temporary order such as this cannot remain in force after the entry of a final judgment, but a temporary custody order entered upon dismissal of the case which brought the child before the court necessarily continues in full force and effect until set aside by the issuing court or modified by another court of competent jurisdiction in an action instituted for the purpose of obtaining a final custody adjudication.

Aside from the power to make further temporary orders as the interests of the child might require, the active jurisdiction of the Moore Court over the subject matter terminated when it granted the wife's motion for a non-suit. There was no prior case pending in that court which involved the same subject matter when the Hansford Court entered its divorce and custody decree. Relators intervened in the divorce action in Hansford County, and the Hansford Court thus acquired complete jurisdiction over the parties and the subject matter. Upon the rendition of its judgment awarding custody of the child to the father, the temporary custody order of the Moore Court was of no further force and effect.

Since prior active jurisdiction over the subject matter was vested in the Hansford Court at the time, the temporary injunction issued by the Moore Court is void and may be violated with impunity. Ex parte Lillard, supra; Ex parte Godeke, supra. Although relators argue to the

contrary, it is our opinion that the judgment entered by the Hansford Court in the divorce action ordered them to surrender possession of the child on October 1, 1963. Their failure and refusal to do so constitutes contempt of that court, and they must be remanded to the custody of the Sheriff of Hansford County until they purge themselves of contempt as directed by the Hansford Court. It is so ordered.