

# THE ATTORNEY GENERAL
## OF TEXAS

June 28, 1988

**JIM MATTOX**
**ATTORNEY GENERAL**

Honorable Tim Rudolph
Somervell County Attorney
P. O. Box 647
Meridian, Texas 76665

Opinion No. JM-925

Re: Powers and duties of a county attorney pro tem under article 2.07 of the Code of Criminal Procedure (RQ-1355)

Dear Mr. Rudolph:

You advise that you are currently the county attorney of Somervell County. The office of county attorney of Bosque County is vacant. The two counties have entered into an agreement pursuant to section 2.07 of the Code of Criminal Procedure[1] as amended by the 70th Legislature

---

1. Section 2.07 of the Code of Criminal Procedure was amended by amending subsection (b) and adding subsection (b-1) by Acts 1987, 70th Leg., ch. 918, section 2, at 6239, effective August 31, 1987 to read as follows:

> (a) Whenever an attorney for the state is disqualified to act in any case or proceeding, is absent from the county or district, or is otherwise unable to perform the duties of his office, or in any instance where there is no attorney for the state, the judge of the court in which he represents the state may appoint any competent attorney to perform the duties of the office during the absence or disqualification of the attorney for the state.

> (b) _Except as otherwise provided by this subsection, if_ the appointed attorney is also an attorney for the state, the duties of the appointed office are additional duties of his present office, and he is not entitled to
>                                   (Footnote Continued)

p. 4639

whereby Bosque County will compensate Somervell County for your performing the functions of county attorney for Bosque County.

You advise that the agreement between the two counties has prompted the questions you have submitted. You have furnished this office with copies of the agreement and an information signed by you that are relevant to your questions. You ask:

> 1. Do we need an information signed in order to prosecute, or does article 2.05, Code of Criminal Procedure, allow us to prosecute on complaint only?

> 2. Who is authorized to sign the information if one is needed? Article 21.21 of the Code of Criminal Procedure states that

---

(Footnote Continued)

additional compensation. <u>Nothing herein shall prevent a commissioners court of a county from contracting with another commissioners court to pay expenses and reimburse compensation paid by a county to an attorney for the state who is appointed to perform additional duties</u>.

<u>(b-1) An attorney for the state who is not disqualified to act may request the court to permit him to recuse himself in a case for good cause and upon approval by the court is disqualified</u>.

(c) If the appointed attorney is not an attorney for the state, he is qualified to perform the duties of the office for the period of absence or disqualification of the attorney for the state on filing an oath with the clerk of the court. He shall receive compensation in the same amount and manner as an attorney appointed to represent an indigent person.

(d) In this article, 'attorney for the state' means a county attorney, a district attorney, or a criminal district attorney. (Emphasis added to reflect changes made by amendment.)

the charging instrument must be signed by the county or district attorney.  May I sign as a county attorney pro tem  provided I list  the authority by which I sign?

3.  If a  county attorney  pro tem  cannot sign an information and if an information  is needed to  prosecute,  can  the  district attorney sign it?   If the district  attorney does sign the information, who can prosecute?

4.  If the district attorney is willing to act  as  a  prosecuting  attorney  in  county court, does  this pre-empt  the authority  of the county attorney pro tem?

5.  Does the Judge  under article 2.07  of the Code of Criminal Procedure need to  enter an order of  appointment in each  case or  is the agreement at  enclosure no. 1  sufficient for all cases?

6.  If the agreement is sufficient for all cases,  should it be  renewed at each term  of court?

Your first question appears to relate to the  provision in article 2.05 of the Code of Criminal Procedure permitting the trial of misdemeanors upon complaint in counties  having no county  attorney.   Article 2.05  provides  in  pertinent part, as follows:

If  the  offense  be  a  misdemeanor,  the attorney shall forthwith prepare an  information based upon such  complaint and file  the same in the  court having jurisdiction;  provided, that _in  counties  having  no  county attorney, misdemeanor cases may be tried upon complaint  alone,  without  an  information_. . . .  (Emphasis added.)

The answer  to  your inquiry  as  to whether  a  county attorney pro tem may  prosecute upon complaint in  instances where an information is  normally required turns on  whether the county is considered as "having no county attorney."  An opinion in  an  1872 Texas Supreme  Court  case, State  v. Lackey, 35 Tex. 357, held that  an attorney pro tem has  all the powers and duties  of the regular prosecuting  attorney. This holding appears to be consistent with the definition of "pro tem" and the language of the statute providing that the

appointed attorney "perform the duties of the office during the absence or disqualification for the state." Black's Law Dictionary 1101 (5th ed. 1979) defines pro tem, as follows:

> Abbreviation for 'pro tempore' which means, literally, for the time being. Hence, one who acts as a substitute on a temporary basis is said to serve pro tem.

The foregoing definition provides a common thread running through the cases, see, e.g., Scherff v. Missouri Pac. Ry. Co., 17 S.W. 39 (1891), addressing the matter of an official who serves on a pro tem basis. It appears that the only limitation on the powers and duties of a county attorney pro tem as contrasted with an attorney who serves for a term is that the pro tem acts only "for the time being." While the pro tem acts as the county attorney he is required to fulfill the responsibilities imposed upon the county attorney. Thus, the county attorney pro tem is not relieved of the responsibility of filing an information merely because his time of service in such position may be somewhat more limited than that of a county attorney who serves for a term.

You ask who is authorized to sign the information. Article 21.21 of the Code of Criminal Procedure provides that the information "must be signed by the district or county attorney, officially." The information must be signed by the attorney and show on its face the authority under which the attorney acts. Flores v. State, 264 S.W.2d 952 (Tex. Crim. App. 1954). The amendment to section (b) allows the commissioners court of Bosque County to reimburse Somervell County. It does not abrogate the requirement of section (a) that the judge in any case or proceeding in which you represent the state appoint you to perform the duties of county attorney. The information should be signed by you as county attorney pro tem and reflect the fact that the judge presiding in that court has appointed you to represent the state.

Your third question is rendered moot by our conclusion that the county attorney pro tem may sign the information.

Your fourth question is predicated upon the district attorney being "willing to act as prosecuting attorney in county court." You ask whether the authority of the county attorney pro tem is preempted under this scenario.

Article 2.01 of the Code of Criminal Procedure delineates the responsibilities of the district attorney in

representing the state. Article 2.01 provides in pertinent part as follows:

> Each district attorney shall represent the State in all criminal cases in the district courts of his district and in appeals therefrom, except in cases where he has been, before his election, employed adversely. When any criminal proceeding is had before an examining court in his district or before a judge upon habeas corpus, and he is notified of the same, and is at the time within his district, he shall represent the State therein, unless prevented by other official duties.

Article 2.02 of the Code of Criminal Procedure sets forth the duties of county attorneys, as follows:

> The county attorney shall attend the terms of court in his county below the grade of district court, and shall represent the State in all criminal cases under examination or prosecution in said county; and in the absence of the district attorney he shall represent the State alone and, when requested, shall aid the district attorney in the prosecution of any case in behalf of the State in the district court. He shall represent the State in cases he has prosecuted which are appealed.

The fact that the district attorney may be willing to perform any duty imposed upon the county attorney by article 2.02 does not preempt the authority of the county attorney pro tem.

You ask if it is necessary for the judge to enter an order of appointment for each case. The contract entered into by the counties provides that you perform the duties ordinarily associated with the office of county attorney in Bosque County and that such agreement exist until terminated by any party to the contract. Article 2.07(a) provides that "in any instance where there is no attorney for the state, the judge of the court in which he represents the state may appoint any competent attorney to perform the duties of office during the absence. . . ." The judge presiding in the court in which you represent the state should enter an order appointing you to represent the state in each case.

In your final question you ask if it is necessary for the agreement between the counties to be renewed at each term of court. Nothing in article 2.07 places any term limitation upon an agreement between counties. Since the contract authorized by article 2.07 is not limited to a term of court it is not necessary for the agreement to be renewed at each term.

### S U M M A R Y

The county attorney pro tem serving pursuant to an agreement entered into by Somervell and Bosque Counties is not relieved of the requirement to file an information because his time of service may be somewhat more limited than that of the county attorney who serves for a term. A county attorney pro tem may sign an information. The information must reflect on its face the authority under which the county attorney pro tem serves. The fact that the district attorney may be willing to perform any duty imposed upon the county attorney by article 2.02 does not preempt any authority of the county attorney pro tem. The judge in the court in which the county attorney pro tem represents the state should enter an order in each case appointing him to represent the state. It is not necessary for the commissioners courts of Somervell and Bosque Counties to renew the contract at each term of court.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

p. 4645

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General