**BURCKHALTER et al. v. CONYER et al.**
(No. 808–4471.)

(Commission of Appeals of Texas, Section A. June 16, 1926.)

**1. Infants ⬤⇒19.**

Controversies relating to custody and control of infants ought to be resolved with view to child's welfare.

**2. Infants ⬤⇒19.**

Right of formal party to have trial court's judgment respecting custody and control of infant reviewed is absolute.

**3. Infants ⬤⇒19—Removal of child from state during pendency of action relating to custody is wrongful, and constructively fraudulent, which becomes actually so where purposely contrived to defeat jurisdiction.**

During pendency of suit involving custody and control of infant, removal thereof by one of parties from state is wrongful, and constructively fraudulent, and becomes actually so if absence from state is purposely contrived when time comes for ultimate use of jurisdiction.

**4. Infants ⬤⇒19—Supreme Court will not review proceeding for custody upon writ of error of party removing child from state until child is returned (Rev. St. 1925, art. 1732).**

In proceeding for custody of child, Supreme Court will not exercise its jurisdiction to review upon writ of error, where child has been removed from state by party seeking relief, until child is returned to state, in view of Rev. St. 1925, art. 1732.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Habeas corpus by Minnie E. Burckhalter and another against Sister Dominica, Sister Superior of the Sisters of St. Mary, for the custody of a child, wherein L. A. Conyer intervened. A judgment in favor of petitioners was reversed and remanded by the Court of Civil Appeals (275 S. W. 606), and petitioners bring error, order entered requiring petitioners to show that child has been brought into state and is kept therein pending further orders.

Anthony P. Nugent, of Kansas City, Mo., and Burgess, Owsley, Storey & Stewart, of Dallas, for plaintiffs in error.

John White and H. J. Yarborough, both of of Dallas, for defendants in error.

NICKELS, J. Questions of very great importance are presented in this case. We have not, however, examined the record or considered what disposition should be given the questions except in a preliminary way and to the extent of being convinced that a jurisdictional matter exists which must be inquired into and settled before the other things should be further considered.

The subject-matter of the controversy is the custody of a girl child about five years of age, her identity (i. e., parentage) is involved, and, in turn, the question of whether she is entitled to the whole or a substantial part of a considerable estate may be answered by the judgment finally to be entered. Her present and future care and training, her fortune, and, in fact, her fame may, in reality, be inseparably attached to that judgment, although she is herself entirely impotent to assert her rights or to defend her fortune, person, or good name. L. A. Conyer claims to be her father. If so, she was conceived in lawful wedlock, and under the will of her mother (Conyer's deceased wife) she owns properties. Minnie Burckhalter denies that parentage and, contrarily, asserts that she is the child's mother. If that claim be truthful, the child was conceived by Minnie Burckhalter while unmarried, and thus a bar sinister is pressed down upon its brow.

Whatever may be the merits or demerits of these opposing claims, and whatever the law may be as relevant to the questions presented, it is entirely plain that custody of the child was awarded pursuant to the views of the trial judge in respect to the one question of identity. Immediately upon the rendition of that judgment, Minnie Burckhalter took the child and removed it beyond the territorial jurisdiction of Texas courts. This is made to appear in connection with a motion filed in her behalf in the Court of Civil Appeals and praying dismissal of Conyer's appeal because the case (on account of that removal) had become moot. The judgment was reversed and the cause was remanded by the Court of Civil Appeals. 275 S. W. 606. Thereupon Minnie Burckhalter et al. sought to invoke jurisdiction of the Supreme Court through petition in error. That petition, however, made no reference to the child's removal from the state. On the contrary, it presented various questions as being important upon the (implied) hypothesis that actual custody is still practicably justiciable.

[1-3] Since every case of this sort ought to be given disposition with an eye single to the child's welfare (Legate v. Legate, 87 Tex. 248, 28 S. W. 281), and since the right of a formal party to have the trial court's judgment reviewed is absolute (Ibid.), removal of the child beyond the state's boundaries is wrongful, because it may so operate as to make ineffectual the right of appeal and (what is more important) perpetrate an irreparable injury upon the child itself. Removal, therefore, and of itself, is constructively fraudulent, whether viewed from the standpoint of the defenseless baby or from the standpoint of the court's rightful exercise of appellate jurisdiction. Ex necessitate the act which is thus constructively fraudulent becomes so in actuality if the child's absence from the state is purposely contrived when the time comes for the ultimate use of that jurisdiction.

[4] The influence of the act which is thus prima facie fraudulent is transmitted to, and its force undertaken to be exerted upon, the Supreme Court and its jurisdiction by presentation of petition for writ of error; and, so, the matter is given such a cast as that it must be noticed by that court in the determination of the proper exercise of its authority. Article 1732, R. S. 1925. The power to demonstrate that the conduct which is thus apparently fraudulent was not intended to be, and was not, actually so, rests in plaintiffs in error—the parties who are now asking the court to assert its jurisdiction in their behalf. In our opinion, the court may not properly do that or even further consider the prayer until and unless in any event that which appears to be fraudulent shall be shown to be otherwise.

Therefore, we recommend entry of an order requiring the plaintiffs in error and their attorneys within a named period of time to present to the court (in affidavit form) satisfactory evidence that the child in question has been brought to some point within the state and is then within the state, together with proper assurances that it will be so kept and appropriately cared for pending further orders to be made.

CURETON, C. J. Judgment recommended by Commission of Appeals will be entered, and third Monday in October, 1926, fixed as date for prescribed showing.