**BURCKHALTER et al. v. CONYER et al.**
(No. 880–4471.)

Commission of Appeals of Texas, Section B.
May 30, 1928.

Habeas corpus ⬷113(10)—Questions involving custody of child will not be considered until compliance with order requiring return of child to state.

Where plaintiffs in habeas corpus proceedings involving custody of child removed child from state pending review and failed to return child to jurisdiction of court pursuant to order to that effect, the Supreme Court will not determine questions presented on writ of error until after compliance with such order necessary to make effective any judgment which might be rendered.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Habeas corpus by Minnie E. Burckhalter and another against Sister Dominica, Sister Superior of the Sisters of Saint Mary's, wherein L. A. Conyer intervened. Judgment for plaintiffs was reversed by the Court of Civil Appeals (275 S. W. 606), and plaintiffs bring error. Writ of error dismissed.

See, also, 285 S. W. 606.

Anthony P. Nugent, of Kansas City, Mo., and Burgess, Owsley, Storey & Stewart, of Dallas, for plaintiffs in error.

John White and H. J. Yarborough, both of Dallas, for defendants in error.

LEDDY, J. Plaintiffs in error sued out writ of habeas corpus in the Ninety-Fifth district court of Dallas county, Tex., alleging that Sister Dominica, Sister Superior of the Sisters of Saint Mary's, unlawfully restrained Louise Burckhalter (sometimes known as Dorothy Ada Conyer), a girl of five years of age, of her liberty; that they were the mother and father of said child, and entitled to her care and custody.

Defendant in error L. A. Conyer intervened in said cause, setting up that said child was the daughter of himself and deceased wife, and that he was entitled to her care and custody.

The trial was by the court without a jury, and judgment rendered ordering the child to be delivered to plaintiffs in error, and defendants in error were restrained and enjoined from interfering with the care and custody of said child.

Upon appeal the Court of Civil Appeals for the Fifth Supreme Judicial District reversed the judgment of the trial court and remanded the cause for another trial on account of certain alleged errors committed by the trial court. 275 S. W. 606.

Plaintiffs in error's petition for writ of error was granted and the case referred to section A of the Commission of Appeals. While the cause was pending in the Court of Civil Appeals it was made to appear by motion and affidavits that, immediately upon the rendition of the trial court's judgment, plaintiff in error Minnie E. Burckhalter took the child, the subject-matter of the suit, and removed her beyond the territorial jurisdiction of the courts of this state.

The Commission of Appeals, in an opinion by Judge Nickels, recommended the entry of an order requiring plaintiffs in error and their attorneys within a given period of time to present to the court (in affidavit form) satisfactory evidence that the child in question had been brought to some point within the state of Texas, together with proper assurances that she would be so kept and appropriately cared for pending further orders to be made by the Supreme Court. 285 S. W. 606. This recommendation was approved by the Supreme Court and the third Monday in October, 1926, was fixed as the date for the showing prescribed by the court.

On October 15, 1926, plaintiffs in error and their attorneys filed with the papers in this cause affidavits executed by Minnie E. Burckhalter and Morris D. Burckhalter. These affidavits affirmatively show that the order entered by the Supreme Court has not been complied with, in that it appears the child is

now within the state of Iowa, "and a removal at this time to the state of Texas would necessitate taking her out of school * * * and might result in a condition not conducive to her welfare" It was further set forth that the removal of the child to Texas would involve considerable expense, which it is averred plaintiffs in error "cannot at present afford."

In our opinion. no good and sufficient reason has been presented to justify plaintiffs in error's failure to comply with the order of the Supreme Court. Being beyond the jurisdiction of this court, they cannot be reached through the usual contempt proceedings.

Plaintiffs in error are seeking to invoke the jurisdiction of the Supreme Court to correct errors alleged to have been committed by the Court of Civil Appeals in reversing and remanding the judgment awarding them the custody of the child. They should not be permitted to invoke such jurisdiction when they refuse to comply with an order entered by the Supreme Court which was necessary in order to make effective the judgment which might be rendered in this case.

At present plaintiffs in error are in the attitude of asking the Supreme Court to reverse the judgment of the Court of Civil Appeals, which would give them the permanent custody of the child, while their action in keeping the child beyond the jurisdiction of the court would render ineffective the judgment of the court if it should be in favor of defendant in error.

The order was necessary to render effective the judgment that might subsequently be rendered herein, and must be complied with before the Supreme Court should consider granting the relief asked for by plaintiffs in error.

We therefore recommend that the application for writ of error be dismissed.

CURETON, C. J. Writ of error is dismissed, as recommended by the Commission of Appeals.