HAYS et al. v. BRANDON.

No. 15302.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 7, 1951.

Rehearing Denied Jan. 4, 1952.

Clyde & Barnes, of Fort Worth, for appellants.

M. Hendricks Brown, of Fort Worth, for appellee.

CULVER, Justice.

Judgment was rendered in this case in the district court of Tarrant County awarding the care, custody and control of a minor child to appellee Brandon, with the right of appellants, Gladys Hays et vir., to have the child visit them in the State of California during the summer months.

The trial court denied the application of appellants to suspend the judgment pending appeal. Appellants have filed their motion here, praying that this court permit the judgment to be superseded under the provisions of Rule 364, Texas Rules of Civil Procedure.

This Rule vests in the trial judge ·the exercise of discretionary powers in determining whether such a judgment shall be suspended during the pendency of the appeal. Harris v. Tucker, Tex.Civ.App., 241 S.W.2d 304.

The principal reason assigned by appellants was that in conformity with the judgment the child was taken by appellants to their home in California, and should the judgment be reversed by this court the child would have made an unnecessary round trip to Texas. This would certainly occasion inconvenience and expense but in our opinion it is not such "a proper showing" as would justify us in concluding that the trial judge had abused the discretion which he exercised under the rule mentioned. It is to be borne in mind that the judgment of the trial court pro-

vided that the child would be returned to Texas at the father's expense.

The motion is overruled.

## On the Merits

HALL, Chief Justice.

This is a suit to amend and modify a divorce judgment entered on the 19th day of July, 1949, wherein appellant Gladys Hays was granted a divorce from appellee Glen H. Brandon and was further awarded the full care and custody of their minor child, Glen H. Brandon, Jr., a boy then five years of age.

Upon appellee's verified petition, filed in June, 1951, the court entered a temporary order granting custody of the child to him and restraining appellants from removing the child to their home in California.

At a hearing upon the merits the trial court changed his original judgment of July, 1949, pertaining to the custody of the child and entered his final judgment on July 13, 1951, in this cause, wherein he awarded custody of the minor child to appellee during school term, with the right of appellants to have custody of him during the summer months.

The trial court denied appellants' application to suspend the judgment pending this appeal. Appellants moved this court to permit them to supersede under the provisions of Rule 364, Texas Rules of Civil Procedure, which motion was overruled on September 21, 1951. The case is now before this Court on its merits.

On November 27, 1951, appellee filed an affidavit in this Court in which he averred that appellants had possession of the child in California; they had failed and refused to return him to appellee in obedience to the trial court's order, and praying that this Court dismiss appellants' appeal and affirm the judgment of the trial court.

Appellee cites as an authority for this Court to dismiss said appeal, under the above conditions, the case of Burckhalter v. Conyer, Tex.Com.App., 7 S.W.2d 73, 74, wherein the Commission of Appeals recommended entry of an order requiring plaintiffs in error and their attorneys, within a given period of time, to present satisfactory evidence that the child there in question was returned to the State of Texas pending trial. Said recommendation was approved by the Supreme Court and a date was set for plaintiffs in error to return the child or the case would thereafter be dismissed. The court, among other findings, stated: "The order was necessary to render effective the judgment that might subsequently be rendered herein, and must be complied with before the Supreme Court should consider granting the relief asked for by plaintiffs in error."

Other historical record of the Burckhalter case is shown in Tex.Civ.App., 275 S.W. 606; Tex.Com.App., 285 S.W. 606; and Tex.Com.App., 9 S.W.2d 1029.

While the cause of action before the Supreme Court in the Burckhalter case was that of a habeas corpus proceeding, the factual situation involved therein was the same as in this case—that is, custody of a child. We believe the holding in the Burckhalter case should be applied here. We do not believe, however, it is necessary for this Court to enter an order requiring appellants to present the child in Texas before dismissing the cause, for the following reasons:

First, as stated before, this Court refused appellants' motion to supersede, which it had a legal right to do under Rule 364, T.R.C.P.

Second, this Court set appellee's motion of dismissal for hearing on December 7, 1951, therefore appellants had ten days from date appellee filed said motion in which to produce said child into jurisdiction of the trial court, in obedience to its judgment pending this appeal.

Third, appellants are aware of the law set out in the Burckhalter case. In their reply to appellee's motion to dismiss the appeal they pointed out the Supreme Court's holding on motion for rehearing, reported in Tex.Com.App., 9 S.W.2d 1029, wherein dismissal of the appeal was set aside upon the fact that said parties, against whom the dismissal was ordered, had re-

turned the child in accordance with the Supreme Court's order as set out in Tex. Com.App., 7 S.W.2d 73.

We believe the trial court's judgment carries equal dignity and forcefulness as an order from this Court. Therefore, when appellants withheld the child from this state, during pendency of litigation, in violation of an order of a court of competent jurisdiction of this state, their case should be dismissed by any court having jurisdiction of same at the time such violation is pointed out to it.

Appellants cite the cases of Evans v. Taylor, Tex.Civ.App., 128 S.W.2d 77, and Wrather v. Wrather, Tex.Civ.App., 154 S.W.2d 955, writ of error refused, w. m., as authorities to sustain their action in removing said child from the jurisdiction of the trial court and from this State. Holdings in these cases seem to be somewhat in conflict with the law laid down by our Supreme Court in the Burckhalter case.

■ Our holding here is in keeping with the ultimate issue involved in child custody cases, that is, "best interest of the child."

For the above reasons, the case is dismissed.

### On Motion for Rehearing

Appellants in their motion for rehearing suggest this Court erred while dismissing this cause in the following particulars:

That this Court should not have considered the extrinsic testimony set out in appellee's affidavit upon the substance of which our order of dismissal is based.

That appellee has failed to make financial arrangements with appellants to return the child to Texas according to the provisions of the trial court's judgment.

That appellee is not currently financially supporting said child.

That this Court imposed upon appellants a burden not supported by law, when it held that they had ten days in which to produce the child before appellee's motion was heard by this Court.

Nowhere in appellants' motion or in their reply to appellee's motion to dismiss do they deny they are holding the child in violation of the provisions set out in the trial court's judgment. Neither do they intimate they intend to obey said provisions of the trial court's judgment by returning said child into its jurisdiction. Appellants base their defense for holding said child, in disobedience to the trial court's judgment, upon the above legal technicalities.

■ This Court does not feel disposed to proceed with appellants' contentions raised in their appeal under such adverse action. Appellee is not legally liable for the support of said child, under the trial court's judgment, while appellants are unlawfully keeping him.

We would lend a more attentive ear to appellants' contentions if they had showed a favorable disposition to return said child to Texas in the event appellee sent them the money to pay for his transportation. But the contrary is evidenced in their motion.

Since there is no disposition of appellants shown in their motion to comply with the trial court's judgment, this Court will not disturb its former order of dismissal.

Inasmuch as we have made no change in our former order of dismissal, it will not be necessary for either party to file additional motions.