SMITH v. ANSLEY et al.

No. 3083.

Court of Civil Appeals of Texas. Waco.

April 9, 1953.

Rehearing Denied May 1, 1953.

Lawrence Arnim, Houston, for appellant.

A. H. Krichamer and Murray B. Jones, Houston, for appellees.

McDONALD, Chief Justice.

This case is in this court upon a *transcript* of instruments filed in the case in the trial court, and upon *briefs of appellant and appellees.* There is no statement of facts filed in the cause. From the transcript the following recitation of facts appears: 1) The general nature of the case is one for the custody of a minor child, filed by appellee, the mother, against appellant, the father; 2) Appellant and appellee, formerly husband and wife, were divorced in Harris County in 1951 on petition of appellant, who alleged at that time that he was a resident of Harris County; 3) Appellee was at that time a resident of Florida and that the minor child was with her; 4) The decree of divorce made no formal disposition as to the custody of the minor child but permitted the child to remain with the mother and gave the father certain visitation privileges; 5) Appellant, the father, thereafter came to Florida and took the child with him back to Texas; and appellee then came to Texas and filed this suit for custody on 25 October 1951; 6) Appellant was served with citation and filed an answer and cross action, in which he alleged that he was a resident of Harris County, and that it would be to the best interest of the child that he should be awarded her care and custody; 7) The case was set for trial for 19 June 1952, and the attorney for appellant prior thereto filed 2 motions for continuance, and a motion to dismiss the case, alleging that the appellant and the minor child were out of the State of Texas and in the State of Illinois and could not be present for the trial, and that the county court of Jefferson County, Illinois, had in April 1952 appointed appellant guardian of the person of the minor child and that the Illinois court, and not the District Court of Harris County, had jurisdiction; 8) Both motions for continuance, and the motion to dismiss were by the trial court overruled.

The judgment of the District Court of Harris County reflects that the cause was tried before a jury, which found that it was to the welfare of the minor child that custody be awarded her mother, the appellee herein. The judgment finds that the court had jurisdiction of the parties and the subject matter of the suit, and awarded care and custody of the minor child to appellee.

Appellant filed motion for new trial, which was by the trial court overruled, and now appeals to this court on 11 points, the contentions of which are that the trial court could not take jurisdiction of the case, try it, or render judgment in it, since the minor child was in Illinois, and was not within the jurisdiction of the District Court of Harris County.

The trial court in its judgment found that it had jurisdiction of the parties and the subject matter of the suit. Since no statement of facts was filed in this case, we look to the trial court's findings, and must assume that the evidence was in support of the facts found. However, if we assume the recitations of fact brought to light in the transcript and in the briefs on file for appellant and appellees to be the statement of *facts* in this case—which we cannot do—even that will avail appellant nothing.

A minor is not sui juris, and can neither select nor change its domicile, which is fixed by law as that of his father. A suit for the custody of a minor has been referred to as an action in rem. But the *RES* is not the child itself, its physical being, but rather the status of the child. A minor's domicile being the same as the father's, the court having jurisdiction of the father, and of the domicile of the father, has jurisdiction to determine the question of custody, even though the child be absent from the state of domicile when the

case is tried. Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551; Lanning v. Gregory, 100 Tex. 310, 99 S.W. 542; Milner v. Gatlin, Tex.Com.App., 261 S.W. 1003; Train v. Train, Tex.Civ.App., 209 S.W.2d 212.

Ex parte Birmingham, Tex.Sup., 244 S. W.2d 977, is the most recent pronouncement by the Supreme Court on the question of jurisdiction in child custody cases. In this case the Supreme Court cases above cited are approved by name, and the rule is stated to be that the 2 basic *alternative* prerequisites necessary to confer custody jurisdiction on a court are: 1) Domicile of the child in the state, *or* 2) Physical presence of the child in the state.

In the case at bar the trial court had jurisdiction of the parties to the suit, as well as jurisdiction of the domicile of the appellant, at the time that the case was filed. Appellant was served, employed counsel, and filed an answer and cross action in which *he* himself alleged his domicile to be in Harris County. The domicile of the father being in Harris County, Harris County was likewise the domicile of the minor child. While the transcript reflects that the minor child had been physically present in Illinois since April 1952, the jurisdiction of the District Court of Harris County having attached, continues, notwithstanding the phyiscal removal of the child from the state.

Applying the rules announced to the recitations of the facts as reflected by the Transcript, it is our view that the District Court of Harris County had jurisdiction.

Further to all that has been said, it is our view that appellant's action in removing the minor child from the State of Texas during the pendency of the custody suit constituted a fraud on the courts of this state, and for such appellant would not be entitled to any relief by this court in any event. Burckhalter v. Conyer, Tex. Com.App., 285 S.W. 606, and 7 S.W.2d 73.

All of appellant's points are overruled and the judgment of the Trial Court is affirmed.

TIREY, J., not participating because of illness.