**A. C. SUHREN, Jr., Appellant,**

v.

**Alice Walker SUHREN, Appellee.**

**No. 3341.**

Court of Civil Appeals of Texas.

Waco.

April 13, 1956.

Rehearing Denied May 3, 1956.

W. C. Haley, Waco, for appellant.

Naman, Howell & Boswell, Waco, for appellee.

McDONALD, Chief Justice.

This is an appeal by the appellant (father) A. C. Suhren, Jr., from an order of the District Court awarding custody of the four year old minor daughter of the parties to the appellee (mother) Mrs. Alice Suhren. While the cause was pending in this court, it has been made to appear by motion and affidavit that the appellant, after invoking the jurisdiction of this court by perfecting his appeal hereto, by force and deceit and without the authority or approval of this court, and while this appeal was pending, kidnaped and took the child in violation of the order of the Trial Court and removed said child from this State and to the State of Mississippi. When the foregoing facts were made known to this Court, this Court caused a notice to be issued to appellant and his attorney to appear on a date eight days from the date notice was issued and show

cause, if any he had, why his appeal should not be dismissed. Appellant neither appeared nor produced the child.

█ The appellant by his appeal invoked the jurisdiction of this court to correct errors he alleges were committed by the Trial Court in awarding the custody of the minor child to the appellee. Appellant then by his own act removed from the jurisdiction of this court the very subject matter of the appeal. Such act of removing the child from the jurisdiction of the court renders ineffectual the judgment of this court if it should find in favor of the appellee.

This identical situation was before our courts in Burckhalter v. Conyer, Tex.Com. App., 285 S.W. 606; and Id., Tex.Com. App., 7 S.W.2d 73, 74. The Burckhalter case, supra, was a case involving the custody of a child. There, as here, the appellant, while his appeal was pending, removed the child from the state. The Commission of Appeals, in an opinion adopted by the Supreme Court, held that the removal of the child from the state by the party seeking relief, while the cause was pending, was fraudulent, and rendered ineffective any judgment which might be rendered by the court. In that case the court entered an order giving the appellant a specified time in which to return the child, and when the child was not returned in the time allotted the court dismissed the appellant's appeal.

In that case the court said:

" * * * Being beyond the jurisdiction of this court (appellant) cannot be reached through the usual contempt proceedings.

"[Appellant seeks] to invoke the jurisdiction of the Supreme Court to correct errors alleged to have been committed by [the court below]. [He] should not be permitted to invoke such jurisdiction when [he] refuses to comply with an order entered by the Supreme Court which was necessary in order to make effective the judgment which might be rendered in this case.

"[Appellant is] in the attitude of asking the Supreme Court to reverse the judgment of the Court of Civil Appeals, which would give [him] the permanent custody of the child, while [his] action in keeping the child beyond the jurisdiction of the court would render ineffective the judgment of the court if it should be in favor of [appellee]."

Other historical record of the Burckhalter case is shown in Tex.Civ.App., 285 S.W. 606; and Tex.Com.App., 9 S.W.2d 1029.

This same question arose again in Hays v. Brandon, Tex.Civ.App., 245 S.W.2d 381 (no writ history). There the court held that it was not necessary for the court to enter an order requiring appellant to present the child in Texas before dismissing the cause, for the reason that appellant had notice of the motion to dismiss and could have produced the child in the interim between the filing of same and hearing on same, but did not do so.

█ In the case at bar appellant was given notice of the motion to dismiss his appeal on 21 March 1956, which notice set hearing on such motion for 29 March 1956. Appellant neither appeared nor produced the child, and indeed has not done so until this good hour. See also Smith v. Ansley, Tex.Civ.App., 257 S.W.2d 156, note #6, Writ Ref.N.R.E.

From the foregoing it follows that we believe that because appellant, by force and deceit and without authority, took the child from this state, during the pendency of his appeal, and has withheld the child from this state since, that his appeal should be dismissed.

Appeal dismissed.