**Carma Ann BOURLAND et vir, Appellants,**

v.

**Sherwood Maurice WALKER et ux., Appellees.**

No. 4123.

Court of Civil Appeals of Texas.

Waco.

May 16, 1963.

John Cahoon, Houston, for appellants.

Fred Collins, Houston, McLeod, Mills, Shirley & Alexander, Benjamin R. Powel, Galveston, for appellees.

TIREY, Justice.

This is a child custody case. Mrs. Carma Ann Bourland, joined by her husband, has perfected her appeal from an order entered October 9th, 1962, in the Court of Domestic Relations #2 of Harris County, which order changed the custody of Sharel Lynn Walker from her mother to the father, Sherwood Maurice Walker; and denied to Mrs. Bourland and her husband any relief under writ of Habeas Corpus filed by them.

The decree awarded to Mrs. Bourland the privilege of visiting her minor daughter on the second Saturday and Sunday of each month and for a period of two weeks during June, July or August of each year, said two weeks period to be designated thirty days in advance in writing, which order further provided that such minor shall not be taken outside the State of Texas during such visitation. The appellees have filed their motion supported by affidavit attached in which motion appellees state that Mrs. Bourland and her husband invoked the jurisdiction of the Harris County Court by filing a habeas corpus proceeding on the 30th day of August, 1962; that thereafter such application for habeas corpus was consolidated with a suit filed by the appellees for change of custody, and that the cause was heard by all parties present on the 9th day of October, 1962, in which custody was awarded to the father; that during the pendency of this appeal Mrs. Bourland exercised her visitation rights to visit her minor daughter, and that while Mrs. Bourland was in possession of the child she removed the minor child from the State of Texas, and took such child to the State of California during the pendency of the custody suit, and during the time in which she was perfecting her appeal. Appellees allege that the action of Mrs. Bourland in removing the minor child from the State of Texas constituted a fraud upon the Courts of this State, and by reason thereof she is not entitled to any relief on appeal. Appellants have not filed any reply to this motion.

We believe this motion must abide the decision of our Supreme Court in Burckhalter v. Conyer, Tex.Commission of Appeals, 285 S.W. 606, also 7 S.W.2d 73. The Commission of Appeals, in a situation similar to the one here, held that the parties seeking relief are not in position to invoke the jurisdiction of an appellate court when they refuse to comply with an order entered by the Courts of Texas, which is necessary in order to make effective the judgment which may be rendered in a case on appeal. See also Suhren v. Suhren, Tex.Civ.App., 289 S.W.2d 663, n. r. e; Hays v. Brandon, 245 S.W.2d 381, (Ft. Worth CCA, 1951) n. w. h., and Smith v. Ansley, 257 S.W.2d 156, (Waco CCA 1953) w. ref., n. r. e. In view of the doctrine announced in the foregoing cases it will be the duty of the appellants and their attorneys to return the minor child, Sharel Lynn Walker, to some point within the State of Texas, together with proper assurances that she will be so kept and appropriately cared for pending the further orders to be made in this Court.

Accordingly the appellants and their attorneys are given until Monday, May 13, 1963, in which to return the said child to the State of Texas as herein provided for prescribed showing. Upon failure to make such showing this appeal will be dismissed.