**Betty Fern MEEKS, Appellant,**

v.

**Donald Dean MEEKS, Appellee.**

**No. 7271.**

Court of Civil Appeals of Texas.

Amarillo.

June 17, 1963.

C. D. Bourne, Jr., Dumas, for appellant.

Frank D. McCown, Dumas, for appellee.

NORTHCUTT, Justice.

This is an appeal from an order sustaining a Plea in Abatement. Donald Dean Meeks filed suit in Moore County District Court for a divorce against Betty Fern Meeks alleging certain acts of cruel treatment and asked for custody of their two minor children. Mrs. Meeks was served with a citation in Moore County in said cause and a copy of the divorce petition was attached to the citation. Mrs. Meeks did not file any answer to said petition but wholly made default. In the original petition filed it did not state the ages of the minor children but before judgment of divorce was granted on November 15, 1961, the petition was amended giving the ages and sex of said children. In the divorce judgment in favor of Mr. Meeks he was granted custody of the children with the right of visitation given to Mrs. Meeks. The right of visitation given Mrs. Meeks was that she was to visit the children in her mother's home. The divorce decree also provided that the children were not to be removed from the State of Texas by Mrs. Meeks. In violation of said order Mrs. Meeks by certain acts wrongfully took said children to the State of Oklahoma and refused to return to Texas with the children.

On May 28, 1962, Mrs. Meeks filed a Bill of Review in the District Court of Moore County seeking to have the judgment that was rendered in favor of Mr. Meeks declared null and void and of no force and effect and that such judgment be set aside and that the cause proceed to trial on its merits. Mr. Meeks answered said Bill of Review and filed a Plea in Abatement thereto. On September 17, 1962, the attorneys for both parties appeared before the court and at that time the court ordered Mrs. Meeks to bring the two children into the jurisdiction of the court pending the final outcome of her Bill of Review. She was given until midnight of September 27, 1962, to comply with such order or her Bill of Review would be dismissed. On October 1, 1962, the attorneys for Mrs. Meeks informed the court that Mrs. Meeks refused to comply with the court's order and that she refused to bring said children into the jurisdiction of the court to be left until her Bill of Review was decided. The Plea in Abatement was sustained and an order entered dismissing the Bill of Review. It is from this order dismissing the Bill of Review that Mrs. Meeks presents this appeal. Hereafter Mrs. Meeks will be referred to as appellant and Mr. Meeks as appellee.

Appellant presents this appeal upon six points of error contending the court erred in dismissing the Bill of Review because the original petition did not allege the age and sex of the children; because the amended motion contained new allegations for grounds of divorce; because the amended motion was filed on the day of the trial and the leave of the court was not obtained; appellant had no notice of the filing of the amended petition; because the court heard and granted the divorce before the expiration of sixty days after the same was filed and appellant was not required to answer the defective petition. Under this record we do not believe the matters objected to by each of the points of error are correct. The divorce was not granted before sixty days after the filing of the peti-

tion for divorce. The petition was corrected to give the ages and sex before the divorce was granted. The substance as to the grounds for divorce was the same in the amended petition as alleged in the original petition. We do not believe the points of error present any reversible error but should we be wrong in such holding, we do not think the court erred in dismissing the Bill of Review since appellant refused to return the children as directed by the trial court and for the further reason by deceit and without authority and in violation of the court's order not to remove the children from the State did remove them and refused to return them to the State as directed. Suhren v. Suhren, Tex.Civ.App., 289 S.W. 2d 663; Hays v. Brandon, Tex.Civ.App., 245 S.W.2d 381; Burckhalter v. Conyer, 7 S.W.2d 73 (Tex.Com.App.). The appellant is in no position in this case to complain of the action of the trial court in dismissing the Bill of Review. Judgment of the trial court is affirmed.