Jacqueline SIKES, Appellant,

v.

William S. KEENAN, Appellee.

No. 4022.

Court of Civil Appeals of Texas.

Eastland.

Sept. 17, 1965.

Don R. Wilson, Abilene (withdrawn as counsel for appellant per motion granted Aug. 6, 1965); no other attorney now listed.

Bryant, Glenn & Thomas, Abilene, for appellee.

WALTER, Justice.

Jacqueline Keenan was awarded custody of their two children when she was divorced from William S. Keenan. The father of the children filed this suit against her for custody of their children on account of alleged changed conditions. The jury found "—there has occurred such a material change of conditions that the best interest of said minor children require a change of custody to their father, William S. Keenan." As provided for by Article 4639a of the Revised Civil Statutes of the State of Texas, the court granted Mr. Keenan the care, custody and control of said children subject to "visitation" rights set forth in the judgment.

Both parties have appealed.

Attorneys for the mother have filed a motion to withdraw and have set forth therein the following:

"That subsequent to the entry of judgment awarding the said children to Appel-

lee, the Appellant, JACQUELINE SIKES, in violation of the Court's orders and against the specific instructions and advice of her attorneys, apparently removed herself and the two minor children from the jurisdiction of this Court.

That a diligent effort to find and locate the Appellant, JACQUELINE SIKES, and the two minor children has been unsuccessful, and the whereabouts of the said appellant, JACQUELINE SIKES, and said children cannot be ascertained."

Attorneys for the father in their motion to shorten the time for submission allege:

"The Appellant, Jacqueline Sikes, has possession of the minor children, Lori Lee Keenan, and Lisa Kay Keenan, and has secreted herself and said children so that after due and diligent search and investigation, the whereabouts of the Appellant, Jacqueline Keenan Sikes, and said children, cannot be ascertained.

The appellant, Jacqueline Keenan Sikes, by secreting herself and the children, Lori Lee Keenan and Lisa Kay Keenan, prevents the Appellee, William S. Keenan, from learning and determining whether his children are being properly cared for and are in a suitable environment."

■ The mother's action in removing the children from the jurisdiction of the court was wrongful and fraudulent. On account of such conduct she is not entitled to any relief from this court. Burckhalter v. Conyer, 285 S.W. 606 (Com. of Appeals); Burckhalter v. Conyer, 7 S.W.2d 73 (Com. of Appeals), and Smith v. Ansley (Tex.Civ. App.) 257 S.W.2d 156 (Writ Ref. N.R.E.).

The father contends the court has given actual custody of the children to their mother for approximately 25% of the time but called it "visitation rights." He also asserts that the court has entered a judgment which is not in conformity with the verdict. One of the children was 5 years of age and

one was 2 years of age. The court ordered that the mother should have visiting rights with the children in her home for one week each month until the children entered school. The judgment further provided for visitation rights after the children entered school and during Christmas and on the children's birthdays. The question is whether such provision in the judgment amounts to an award of custody contrary to that fixed by the jury.

■ In determining the custody of children the principal concern of the courts and juries is the best interest of the children. When a jury is demanded by either party in a child custody case, it decides who is best qualified to have custody of the children. Article 4639a Vernon's Ann.Tex. Civ.St. By enacting this article, the Legislature nullified those decisions giving the trial judge discretionary power to select the parent best qualified to look after the interest of the children. The right of a parent to visit his children at reasonable times and places is given him by the law and exists even though not specifically granted in the judgment. Hays v. Hays (Tex.Civ.App.) 123 S.W.2d 968; Bantuelle v. Bantuelle (Tex.Civ.App.) 195 S.W.2d 686. However, the practice of spelling out the visitation rights in the decree is to be commended. Awarding custody of children and defining the visitation right of the parent who is not awarded custody, places upon the trial judge his greatest burden and responsibility.

■ We are of the opinion that the award of visitation rights in the judgment amounts to an award of partial custody to the mother. The judgment is reformed by deleting therefrom the visitation rights and substituting therefor the visitation rights she is entitled to under the law as announced in Hays v. Hays and Bantuelle v. Bantuelle, supra.

As reformed, the judgment is affirmed.