**Etta Jane LEAVERTON, Appellant,**

v.

**Patrick A. LEAVERTON, Appellee.**

**No. 16911.**

Court of Civil Appeals of Texas.

Dallas.

May 19, 1967.

Rehearing Denied June 23, 1967.

William Carl Block of Baker, Jordan & Foreman, Dallas, for appellant.

Harless R. Benthul of Estep, Waters, Benthul & McCrea, Dallas, for appellee.

DIXON, Chief Justice.

Appellee Patrick A. Leaverton and appellant Etta Jane Leaverton were married in the State of Alabama in 1955. Appellee was granted a divorce from appellant in Dallas County, Texas on October 14, 1963 on grounds of mental cruelty. In his petition appellee acknowledged that the mother was a fit and proper person to have the care and custody of their daughter, then six years of age. The child's custody was awarded to the mother, and appellee was ordered to pay $75 per month as child support.

At the time the divorce was granted appellant and the little girl were in Decatur, Alabama, where they had been taken by appellee in January of 1963 for a visit with appellant's mother. They have continued to reside in Alabama since that time.

The divorce decree recites that "care, custody and control of said minor child, Courtney Leaverton, is awarded to Etta Jane Leaverton *with reasonable visitation privileges to the Plaintiff Patrick A. Leaverton * * *.*" (Emphasis ours.)

On April 19, 1966 appellee filed a pleading in the same court and under the same cause number as that of the divorce suit, which pleading he denominates "Plaintiff's Motion to Clarify Visitation Decree". In this motion he alleges that appellant has refused to allow him to visit his daughter in Alabama or to allow his daughter to visit him in Texas. He further pleads as follows:

"Plaintiff prays the Court amend and modify the hereinabove mentioned decree so as to specify what is reasonable visitation of Plaintiff with said child; that *Plaintiff would show the Court that reasonable visitation is to allow the said minor child, Courtney Leaverton, to visit Plaintiff in Dallas, Texas, during the months of June and July of each and every year, beginning with the month of June and July, 1966.*" (Emphasis ours.)

On July 6, 1966 the trial court entered an order which recites that reasonable visitation shall be as follows: (a) during the summer of 1966 appellee Patrick A. Leaverton shall be entitled to visit his daughter in Alabama for a period of two weeks; (b) during the summer of 1967 appellee shall be entitled to visit his daughter for a period of four weeks, the first two weeks to be in Alabama and the latter two weeks in the State of Texas; (c) during the summer of 1968 and the years following until his daughter shall have reached the age of eighteen years, appellee shall be entitled to visit the child for a period of four weeks in the State of Texas.

■ Appellant has challenged the jurisdiction of the Domestic Relations Court No. 2 of Dallas County because she and her daughter were residents of the State of Alabama when notice was served on her,

therefore she claims it was error to overrule her special appearance plea filed pursuant to Rule 120a, Vernon's Texas Rules of Civil Procedure. There is no merit to this contention. Prior to the filing of appellant's special appearance plea the court had set this matter for hearing and appellant had filed a motion for continuance, her grounds being that she needed additional time to obtain evidence. The motion was sustained. By filing the motion for continuance appellant in effect entered a general appearance. The court properly overruled her subsequent plea to the jurisdiction.

■ Appellee has filed a motion to dismiss this appeal, his grounds being that his application and the court's order concern only his visitation privileges, not custody, therefore the order is merely interlocutory in nature and not appealable; or at least if it is appealable appellant has not complied with Rule 385, T.R.C.P.; therefore the appeal should be dismissed.

We overrule appellee's motion to dismiss. We are of the opinion that the action filed by appellee in the trial court is more than a mere motion to clarify visitation rights: it seeks and the court's order effects a change and modification of the custody provision of the original divorce judgment.

That such is the true nature of this proceeding is shown by the pleadings of appellee, part of which we have quoted; and it is shown even more by the evidence adduced at the trial. Practically all of the testimony was directed to the question whether appellee should take his daughter to Texas to be with him for two months during the summer each year.

Appellant testified that she had no objection to appellee's visiting his daughter in Alabama. In fact she thought for the sake of the child he ought to do so. And she testified to her willingness to remain out of the presence of appellee and his daughter while they were visiting in the child's home; and further that she was willing for him to take the child to the picture show or other places during his visits without the mother being present. Mr. Fred English, a resident of Decatur, Alabama and appellant's uncle by marriage, testified that he would be glad for appellee to stay in his home during such visits, as appellee had frequently done before the divorce.

But appellant insisted that it would be a mistake to require the child to stay with her father in Texas for two months of each year. Without going into details about the testimony there was evidence to support the mother's viewpoint at least for the present. Appellant says she is not opposed to the child's eventually visiting her father in Texas after they have established a rapport between them which does not exist at this time.

■ It will be noticed that the court's original decree in 1963 gave appellant full custody of the little girl. There was no divided custody between the parents. The order of 1966 though it does not grant the father the two months' custody each year which he sought, goes far beyond a mere clarification of visitation rights. It provides that during the summer of 1967 the child shall spend two weeks with her father in Texas; and during the summer of 1968 and each year thereafter shall spend four weeks with her father in Texas. Thus the ultimate effect of the order is to change the full custody awarded to the mother in 1963 so that beginning in 1968 the father shall have custody for four weeks every summer.

Whether this would be a wise arrangement is not the issue before us. The issue is whether such an arrangement constitutes a modification of the original custody order or is a mere clarification of visitation privileges. We hold that it is plainly a modification of the custody order. Sikes v. Keenan, 394 S.W.2d 859 (Tex.Civ.App., Eastland 1965, no writ); Leonard v. Leonard, 358 S.W.2d 721 (Tex.Civ.App., Amarillo 1962, no writ); Glasgow v. Hurley, 333 S.W.2d 658 (Tex.Civ.App., Dallas 1960, no writ).

█ The original judgment awarding full custody to the mother was *res adjudicata* of the question of the child's best interest and of custody at the time it was entered in 1963. Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, 790 (1955). In order to obtain a change or modification of the custody order it was necessary for appellee to plead and prove a change in conditions which would make it to the best interest of the child to change or modify the custody order. Mumma v. Aguirre, 364 S.W.2d 220 (Tex.Sup.1963); Callicott v. Callicott, 364 S.W.2d 455 (Tex.Civ.App., Houston 1963, writ ref'd n. r. e.); Bell v. Hoskins, 357 S.W.2d 585, 588 (Tex.Civ.App., Dallas 1962, no writ); 20 Tex.Jur.2d 691–692. Appellee did not plead nor did he attempt to prove such changed conditions. It is upon this ground that appellant attacks that part of the order of July 6, 1966 which authorizes the father to have the child with him in Texas for two weeks in the summer of 1967 and for four weeks during each year thereafter. We agree with appellant, and her points on appeal so attacking said order are sustained.

The order of July 6, 1966 will be affirmed insofar as it specifies the times for appellee to visit his daughter in Alabama. The order will be reversed insofar as it undertakes to give appellee custody of his daughter in Texas for two weeks during the summer of 1967 and for four weeks each year thereafter until the child reaches the age of eighteen years, and judgment is here rendered deleting the latter provisions from the order.

Affirmed in part and reversed and rendered in part.

## ON REHEARING

In his motion for rehearing appellee earnestly argues that we erred in holding that the trial court's order constituted a change in custody. Appellee cites us to the opinion of our Supreme Court in the recent case of Leithold v. Plass, 413 S.W.2d 698 (Tex.Sup.1967).

We have carefully studied the opinion in the Leithold case and have concluded that our holding in the instant case is not contrary to or inconsistent with *Leithold*.

In the case now before us appellee very carefully refrained from alleging or undertaking to prove that there had been any change of conditions since the entry of the original divorce decree. His position, as urged again in his motion for rehearing, is that such allegation and proof are unnecessary, since this is only a plea for a "clarification of visitation rights." In his motion appellee says, "By implication, the Supreme Court holds that, in judging the validity of an order changing only visitation, it is unnecessary to plead and prove change of conditions."

We do not agree with appellee. The Supreme Court expressly declared:

"It is clear to us that the judgment of the trial court modified the Arizona decree with respect only to the visitation rights of petitioner and that custody of the child as awarded by the Arizona court was unaffected. There being evidence of a change of conditions sufficient to support such order, we reverse the judgment of the court of civil appeals and affirm that of the trial court."

Just as it is practically impossible to draw an exact line marking the change from one color to another in a rainbow, so it is practically impossible to draw an exact line marking the change from visitation to a modification of custody in cases involving children. Yet the time comes when the difference is apparent and must be recognized. In the instant case appellee suggested in his pleading and with his evidence sought a judgment giving him "visitation" rights with his child in Texas in charge of her father for two months of each year—one-sixth of the whole time—hundreds of miles from her custodial home in the State of Alabama. Though he did not succeed in obtaining all that he asked for he did obtain a decree giving him charge of the child in Texas for four weeks of

each year—one-thirteenth of the whole time. In the *Leithold* case the father was granted only a two weeks' visitation period.

In the *Leithold* case the court said, "Custody of a child connotes the right to establish the child's domicile and *includes the elements of immediate and direct care and control of the child, together with provision for its needs.* * * * These rights inherent in a custody status are not held by one enjoying visitation rights as provided in the custody decree." (Emphasis ours.) Applying the above principles we are still of the opinion that the case before us involves an attempted modification of custody, notwithstanding appellee's desire to label it merely "clarification of visitation rights."

We think the *Leithold* case may be distinguished from the case now before us in other respects, but we shall not further extend this opinion.

The motion for rehearing is overruled.