Matthew Douglas STRANGE, Appellant,

v.

Linda STRANGE, Appellee.

No. 17120.

Court of Civil Appeals of Texas,
Fort Worth.

July 10, 1970.

Supplemental Opinion July 21, 1970.

Rehearing Denied Sept. 18, 1970.

Schenk & Wesbrooks, and Perry Wesbrooks, Wichita Falls, for appellant.

Martin & Richie, and Howard L. Martin, Wichita Falls, for appellee.

## OPINION

PER CURIAM.

The appeal is by a defendant from a judgment granting divorce, apportionment of property, and placement of the custody of the minor child of the parties in the plaintiff. The plaintiff was Linda Strange. The defendant/appellant was her husband, Matthew Douglas Strange.

Appearance in the case as originally filed was made by the defendant under provisions of Texas Rules of Civil Procedure 120, "Entering Appearance". By an agreed order of the court the duties attendant to the temporary custody of the par-

ties' minor child was directed to be discharged by the plaintiff wife. In other words, custody of such child, pending a hearing on the merits, was granted to the mother.

Thereafter the parties reconciled and for a period of a very few days resumed relations as husband and wife. Within a week the parties separated. The husband took the minor child and left for parts unknown, admittedly outside the State of Texas. There was no non-suit and there was no dismissal order.

After having thus departed the defendant filed an instrument denominated, "Defendant's Special Appearance", purporting to be filed under the provisions of T.R.C. P. 120a, "Special Appearance", for the purpose of objecting to the jurisdiction of the court. Therein the defendant alleged the reconciliation of the parties, as aforementioned, and asserted, "That when such reconciliation occurred, such reconciliation ended the litigation in the above numbered and entitled cause as a matter of law."

On November 6, 1969, pursuant to or immediately prior to the trial of the case on the merits, of which the defendant's attorney had notice, the court entered an order which recited that the defendant's "plea to the jurisdiction" of the court was overruled. On the same day the plaintiff had filed her Second Amended Original Petition, of which the defendant apparently had no notice. (One and one-half months earlier the plaintiff had filed the first of her amended original petitions, in response to which the defendant plead under the theory that he was making a "special appearance".) At the conclusion of the trial a judgment was rendered purporting to dispose of the case on its merits.

At the time of this hearing the defendant did not appear, either in person or by attorney. In its judgment the court stated that it had concluded "that this Court does have jurisdiction of the person of the defendant, Matthew Douglas Strange, of the minor child, Shannon Strange, and of the

subject matter of this suit." The judgment proceeded to adjudicate all facets of the divorce suit, including custody of the parties' minor child.

On the appeal it is stated in behalf of the defendant that "This appeal to this Honorable Court of Civil Appeals is undertaken expressly subject to Appellant's Special Appearance and pleas to the jurisdiction of the Court."

Defendant's points of error include attacks upon the jurisdiction of the trial court in regard to the person of the minor child of the parties, in regard to the person of the defendant, in regard to jurisdictional power to make a decree of any kind relative to divorce, apportionment of property contingent upon the granting of a divorce, and/or to custody of the minor child of the parties, etc. His points also present an attack upon the evidence and the findings and conclusions on the part of the court made thereon, qualification of the plaintiff to prosecute her action for divorce without waiting 60 days from the date of her petition (considered as either her first or second amended original petition therefor) and present other alleged errors.

The plaintiff/appellee has filed a Motion to Dismiss the Appeal. We have concluded that her motion is justified and should be granted subject to the condition that the defendant/appellant be afforded opportunity to remove that barrier to our consideration of his appeal which he has himself created.

However, since it might be of some value in future cases we take occasion to point out that whatever question might exist relative to the trial court's jurisdiction in other respects it had attached and was never relinquished as applied to the custody of the minor child of the parties. This Court has had occasion to make deliberate inquiry into the law in that respect. See McClendon v. McClendon, 289 S.W.2d 640 (Fort Worth Tex.Civ.App., 1956, no writ hist.). There could be no profitable application by defendant of his theory that un-

der Jones v. Jones, 128 Tex. 309, 97 S.W. 2d 949 (1936) (answering certified questions) his reconciliation with the plaintiff had eliminated her original divorce case. Nothing in Jones v. Jones contradicts any holding we made in McClendon v. McClendon relative to the continuation of the custodial jurisdiction of a trial court over a minor child, once obtained and not specifically relinquished.

There may be some merit in the points of error which the defendant desires to present on his appeal, but he admittedly presents himself to this appellate court with what might be termed "unclean hands", in that he withholds from the trial court, and likewise from the person designated by the court as its agent, custody of the person of the minor child of the parties. In so doing he has flaunted the order of the trial court contrary to principles of justice and to public policy. 4 Am.Jur.2d, p. 734, "Appeal and Error", Sec. 239, "Failure to obey trial court order".

Relative to the matter of propriety of the dismissal of an appeal because of disobedience of an order of a trial court, see the cases annotated in 49 A.L.R.2d 1425, 1429, under the Annotation: "Dismissal of appeal for appellant's failure to obey court order". See also 163 A.L.R. 1319, Annotation: "Jurisdiction of trial or appellate court in respect of custody of children pending appeal from order or decree in divorce suit". There is no doubt of our right to dismiss the appeal because of the appellant's disobedience of the order of the trial court. Hays v. Brandon, 245 S.W.2d 381 (Fort Worth Tex.Civ.App., 1951, no writ hist.), discussing Burckhalter v. Conyer, 7 S.W.2d 73, by the Texas Commission of Appeals.

However, we prefer to encourage proper action on the part of the defendant/appellant, and although recognizing that there is no obligation on our part to be thus lenient we have determined to afford the defendant an opportunity to restore himself to the civilized community as a law-abiding

member thereof and to abandon his attempt to live "outside the law".

In a sense influenced and guided by the action of the court in Pike v. Pike, 24 Wash.2d 735, 167 P.2d 401, 163 A.L.R. 1314 (1946), we make an order dismissing the appeal, to take effect on a certain day, unless in the meantime the appellant, Matthew Douglas Strange, complies with the order(s) of the trial court and of this appellate court by delivering the minor, Shannon Strange, to her mother, Linda Strange, in Archer County, Texas, in the presence of the Sheriff or other officer of the District Court of said county, who, in the event of compliance shall give immediate notice to this Court certifying the fact.

The clerk is directed to dismiss the appeal at 5:00 o'clock P.M., on Monday, July 20, 1970, subject to the condition aforestated. In the event of the satisfactory compliance with such condition dismissal will be withheld and action of this Court taken upon the merits of the appeal.

## SUPPLEMENTAL OPINION

### PER CURIAM.

It was stated in our opinion in this cause under date of July 10, 1970, that unless this Court receives certification from the Sheriff of Archer County or officer of the District Court of said County on or before July 20, 1970, that the appellant, Matthew Douglas Strange, had delivered the minor child, Shannon Strange, to her mother, appellee, Linda Strange, that the appeal in this cause would be dismissed, and no such certification having been received by the Court within the time specified, the appeal in this cause is ordered dismissed.

## ON MOTION FOR REHEARING

### MASSEY, Chief Justice.

In Ex Parte Brown, 382 S.W.2d 97 (Tex.Sup., 1964) it was stated:

"It has also been held that the court may enter an effective *temporary* custody order upon the taking of a non-suit in the divorce action. McClendon v. McClendon, Tex.Civ.App., 289 S.W.2d 640 (no writ). This holding of the McClendon case is sound, but we do not approve the statements in the opinion of the Court of Civil Appeals indicating that the trial court might properly have made a custody determination that would have been final and permanent in the absence of some material change in circumstances. A district court must be in position to protect the interests of any minor that is brought before it, but this can be done by the entry of temporary orders in the unusual situation where the case in which its jurisdiction was invoked is dismissed. It is not necessary for the court to make a final adjudication of custody when no one is seeking that relief."

Clearly, the Supreme Court, in Ex Parte Brown has stated that in *McClendon* this court was correct in its "holding" necessary to disposition of the case but incorrect with respect to dicta, i. e. statement made upon the law not requisite to such "holding".

On rehearing it is contended, upon authority of the quoted statement from Ex Parte Brown that even if the trial court had jurisdiction as to the minor, Shannon Strange, its authority thereunder did not include power to render the final custody decree apparently contemplated by the trial court's judgment, or instrument of judgment, dated November 6, 1969, and that such judgment was therefore absolutely void and without force as a final decree.

If defendant/appellant is correct in his contention that such judgment was absolutely void (as distinguished from *voidable*) then he continues to have the right to attack it collaterally at any appropriate time and occasion.

On the instant appeal, however, by direct attack thereupon he seeks an adjudication by this appellate court which would declare such judgment wholly void and a nullity

*from time of its entry*, or, alternatively, to have the court declare it invalid incident to a holding that he has successfully "avoided" it as an effective judgment (distinguished from one wholly void on the face of the record). Ordinarily the work of the appellate court in such circumstance is to test the points of error complaining of the judgment under attack, once the merits thereof are considered. Here, however, in view of the reason for dismissal of the appeal we never consider the merits of the defendant's points.

For purposes material to this appellate court at this time and to the complaint of the action of the trial court in the proceedings culminating in the judgment of November 6, 1969, we may and do disregard the possibility that the defendant/appellant might be correct in his contentions.

What defendant/appellant has lost, as result of our action dismissing the appeal because of his disobedience and contempt of a proper order of the court, is any right to a reversal of the judgment because of any merit in the points of error he desires considered, including any right to which he otherwise might have been entitled. This right he has forfeited even though the points might show the judgment to have been voidable or even void.

Defendant/appellant has also filed and we have considered his motion contending that there is a lack of appellate jurisdiction in this court at this time and as applied to this case to do anything other than to remand to the trial court because the trial court had no *in personam* jurisdiction of the person of the defendant at time of the judgment of November 6, 1969. Therefore, he contends, the judgment would at most be interlocutory merely, particularly as applied to child custody, and not final and appealable; and that there exists no appellate jurisdiction to do other than to so declare and to remand the case to the trial court.

Our dismissal of the appeal would be warranted even had the contention been a part of the defendant's points of error. Indeed, under our interpretation of them it was embraced thereby. In any event it would not alter the occasion for our judgment dismissing the appeal for we do not consider this court obliged to pass upon the merit of any of the defendant's contentions.

Motion for rehearing is overruled.

Motion to remand for lack of appellate jurisdiction is overruled.