Monica Erika **GRIFFIN** et vir, **Appellants,**

v.

Clifton **STANLEY, Appellee.**

**No. 5869.**

Court of Civil Appeals of Texas, Waco.

Feb. 23, 1978.

Rehearing Denied March 23, 1978.

Joshua W. E. Taylor, Gillis, Rogers & Taylor, Dallas, for appellants.

Thomas P. Earls, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

Appellants Monica Erika Griffin and Joseph Michael Griffin appealed from judgment in Habeas Corpus proceeding which found appellants illegally confining and restraining the minor child Kristen Dione Stanley from her father, and which ordered appellants to deliver and return such child to her father appellee Clifton Stanley on Wednesday at 8 o'clock p. m. on November 23, 1977.

Appellants appealed from such order but did *not* supersede the judgment.

While such appeal is pending, it has been made to appear by motion and affidavit that appellants did not comply with the trial court's order to deliver the child on November 23, 1977; and have fled the State of Texas with the child to the State of Colorado and appellee has filed motion for dismissal of appeal. Appellants answered such motion to dismiss appeal asserting that after going to Colorado they had invoked the jurisdiction of the Colorado Courts and obtained an order awarding them custody with stipulation that the child should under no circumstances be removed from the State of Colorado without prior order of the Colorado Court.

In the case at bar appellants invoked the jurisdiction of the Court of Civil Appeals to correct errors they assert were committed by the trial court. Appellants then by their own act removed from the jurisdiction of this Court the very subject matter of the appeal. Such act of removing the child from the jurisdiction of the court renders ineffectual the judgment of this Court if it should find in favor of appellee.

This identical situation was before the courts in *Burckhalter v. Conyer*, Tex.Com. App. 7 S.W.2d 73. In *Burckhalter* the case involved the custody of a child. There as here, while appeal was pending, appellant removed the child from the State. The Court dismissed the appeal.

In an identical situation the Fort Worth Court dismissed appeal in *Hays v. Brandon*, Tex.Civ.App. (Fort Worth) NWH, 245 S.W.2d 381; as did this Court in *Suhren v. Suhren*, Tex.Civ.App. (Waco) NRE, 289 S.W.2d 663. To the same effect are: *Smith v. Ansley*, Tex.Civ.App. (Waco) NRE, 257 S.W.2d 156; *Meyer v. Meyer*, Tex.Civ.App. (Austin) Er.Dismd., 361 S.W.2d 935; *Meeks v. Meeks*, Tex.Civ.App. (Amarillo) NWH, 371 S.W.2d 123; *Sikes v. Keenan*, Tex.Civ. App. (Eastland) NWH, 394 S.W.2d 859; *Bourland v. Walker*, Tex.Civ.App. (Waco) NWH, 368 S.W.2d 950; *Strange v. Strange* Tex.Civ.App. (Fort Worth) 464 S.W.2d 216.

Motion to dismiss appeal granted.

APPEAL DISMISSED.