Boswell, O'Toole, Davis & Pickering, Martin J. Grimm, Houston, for appellant.

Pruitt & Monshaugen, Donald R. Sallean, Houston, for appellee.

EVANS, Justice.

This is an appeal by Linda Jean Alexander from an order modifying the terms of a prior divorce decree.

Under divorce decree dated July 30, 1975, Linda Jean Alexander was appointed managing conservator of her three children and Dr. Robin Gunning was granted visitation rights. This action was subsequently instituted by Mrs. Alexander seeking modification of the divorce decree and a restriction of Dr. Gunning's visitation rights. Dr. Gunning then filed a cross-action for modification, alleging that material and substantial changes in the circumstances of the children and parents required that he be

**Linda Jean ALEXANDER, Appellant,**

v.

**Robin Rosser GUNNING, Appellee.**

**No. 17110.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Aug. 24, 1978.

Supplemental Opinion Sept. 21, 1978.

named managing conservator. The trial court determined upon hearing that the terms of the divorce decree would be modified and it entered an order appointing Dr. Gunning managing conservator of the three children and restricting Mrs. Alexander's rights of visitation. This appeal is from that order.

Subsequent to the date of oral submission in this court, Dr. Gunning has filed a motion to dismiss the appeal, alleging that Linda Jean Alexander failed to return possession of the parties' three minor children to him upon expiration of an agreed two week visitation period from July 1, 1978 to July 16, 1978. Dr. Gunning's motion is based upon the proposition that a party should not be permitted to prosecute an appeal while disobeying the order of the court from which the appeal has been taken. *Strange v. Strange*, 464 S.W.2d 216 (Tex.Civ.App.—Fort Worth 1970, writ ref'd n. r. e.); *O. v. P.*, 560 S.W.2d 122 (Tex.Civ. App.—Fort Worth 1977, no writ); *Hays v. Brandon*, 245 S.W.2d 381 (Tex.Civ.App.— Fort Worth 1952, no writ); *Burckhalter v. Conyer*, 7 S.W.2d 73 (Tex.Comm'n App. 1928, holding approved).

Accompanying Dr. Gunning's motion to dismiss is the affidavit of one of the appellee's attorneys in which it is stated that upon investigation by Dr. Gunning, a private investigator, and the affiant "it appears as though Mrs. Alexander has left with the children, and her whereabouts and the children's whereabouts are unknown to Dr. Gunning." The affidavit further states that "Mrs. Alexander's apartment  .   .   . was devoid of certain home furnishings and personal effects, and appeared as though Mrs. Alexander had voluntarily vacated the apartment."

The affidavit filed in support of the motion to dismiss reflects that Mrs. Alexander has departed her premises with the three children and has failed to return the children to Dr. Gunning, the managing conservator. This affidavit has not been controverted and it appears, therefore, that Mrs. Alexander is in disobedience of the trial court's order which is the subject of this appeal.

The appeal will be dismissed unless the appellant, Linda Jean Alexander, complies with the trial court's order by delivering the three children, Therese Gunning, Cheryl Gunning, and Donald Gunning, to the appellee, Dr. Robin Gunning, in the presence of the sheriff or a deputy sheriff of Harris County or any officer of the 309th District Court of Harris County, on or before August 25, 1978, and in the event of such compliance by the appellee, such officer shall give immediate notice to this court certifying the fact.

## SUPPLEMENTAL OPINION

On August 31, 1978, this court found the appellant Linda Jean Alexander to be in disobedience of an order of the trial court appointing the appellee, Robin Gosser Gunning, as managing conservator of the parties' three children, Therese Gunning, Cheryl Gunning, and Donald Gunning, because the appellant had failed to deliver custody of the children to the appellee upon the expiration of appellant's visitation rights, and this court's said order directed that unless the appellant complied with the trial court's said order by delivering said three children to the appellee in the presence of a sheriff or a deputy sheriff of Harris County or an officer of the 309th Judicial District Court of Harris County on or before August 31, 1978, the pending appeal from the trial court's said order would be dismissed. It appearing to the court that the appellant has not complied with said order in the manner and time specified and that appellant continues in disobedience of the trial court's order which is the subject of this appeal:

It is accordingly ORDERED that the appeal is dismissed and that costs of appeal are taxed against the appellant.