**James Edward BAKER**

v.

**Margaret Emily BAKER.**

No. 5368.

Court of Civil Appeals of Texas, Eastland.

Oct. 4, 1979.

Rehearing Denied Nov. 1, 1979.

James S. Moss, Cole & Moss, Bonham, for appellant.

Mary D. McKnight, McKnight & Hundley, Dallas, for appellee.

RALEIGH BROWN, Justice.

This case involves the divorce of Margaret Emily Baker and James Edward Baker and the custody of their minor child, James Edward Baker, Jr. Margaret Baker was appointed managing conservator of the minor child. James Baker appeals. We dismiss the appeal.

After the instant cause was filed by Margaret Baker and James Baker had answered in said cause, James Baker absconded from the state with the minor child and continues to withhold the child from the named managing conservator. James Baker did not personally appear at the hearing of said cause but appeared by attorney of record. Under these conditions, Margaret Baker contends James Baker's appeal should be dismissed. we agree.

In *Burckhalter v. Conyer*, 7 S.W.2d 73 (Tex.Com.App.1928, opinion adopted), where plaintiffs in habeas corpus proceeding involving custody of a child removed from state pending review and failed to return child to jurisdiction of court pursuant to order to that effect, the court said:

Plaintiffs in error are seeking to invoke the jurisdiction of the Supreme Court to correct errors alleged to have been committed by the Court of Civil Appeals in reversing and remanding the judgment awarding them the custody of the child. They should not be permitted to invoke such jurisdiction when they refuse to comply with an order entered by the Supreme Court which was necessary in order to make effective the judgment which might be rendered in this case.

At present plaintiffs in error are in the attitude of asking the Supreme Court to reverse the judgment of the Court of Civil Appeals, which would give them the permanent custody of the child, while their action in keeping the child beyond the jurisdiction of the court would render ineffective the judgment of the court if it should be in favor of defendant in error.

See also *Hays v. Brandon*, 245 S.W.2d 381 (Tex.Civ.App.—Fort Worth 1951, no writ).

The court in *Strange v. Strange*, 464 S.W.2d 216 (Tex.Civ.App.—Fort Worth 1970, no writ), considering a motion to dismiss an appeal in circumstances similar to those presented in the case at bar, said:

There may be some merit in the points of error which the defendant desires to present on his appeal, but he admittedly presents himself to this appellate court with what might be termed "unclean hands", in that he withholds from the trial court, and likewise from the person designated by the court as its agent, custody of the person of the minor child of the parties. In so doing he has flaunted the order of the trial court contrary to principles of justice and to public policy. 4 Am.Jur.2d, p. 734, "Appeal and Error", Sec. 239, "Failure to obey trial court order".

See also *Geesbreght v. Geesbreght*, 570 S.W.2d 427 (Tex.Civ.App.—Fort Worth 1978, writ dism'd).

The appeal is dismissed.